## Frank A. Hecht v. Newman G. Hall et al.

1.  BROKER—*When Entitled to Commission.*—Where a broker procures a satisfactory purchaser, able, willing and ready to carry out the contract, and the trade falls through because of the vendor's inability to comply with the conditions of the contract, the broker will be entitled to his commission.

Assumpsit, for commission. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

On January 31, 1894, appellant and one Joseph R. Putnam entered into a contract, under seal, whereby the parties mutually agreed to convey certain real estate owned by them respectively.

The agreement of sale is under seal, signed by Joseph R. Putnam and the defendant, dated January 31, 1895; in it Putnam agrees to sell and convey to the defendant by warranty deed, certain property, describing it, and defendant agrees to sell and convey to Putnam by warranty deed certain other property, describing it, the parties mutually agreeing that as part and consideration of this agreement, each party is to provide, for the use of the other, proper abstracts of title, the brokerage fees to be paid as follows:   Putnam to pay to Hall, Dresser & Co. $1,500; defendant to pay to Hall, Dresser & Co. $2,500. Commissions for the securing of the $41,000 loan to be paid by the party of the first part. Deeds to be passed and contract to be closed within twenty-eight days from date of agreement. Time is declared to be the essence of the contract. Trial by the court without a jury. Finding in favor of plaintiffs, and judgment for $2,500 and costs.

Defendant appeals.

REMY & MANN, attorneys for appellant.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellees procured the making of the written contracts by Putnam, who was able, willing and ready to carry out the same. The trade fell through because of the inability of appellant to obtain a loan of $41,000. Appellant contends that it was known to appellees that the final consummation of the trade depended upon appellant's ability to make this loan, and that as between appellant and appellees, appellant was to use all reasonable effort to make the loan. The appellant made such effort, and having failed, appellees are not entitled to commissions for having made a sale, because, as he insists, the obtaining of a loan of $41,000 was known by all to be essential to the carrying out of the proposed transaction with Putnam. Appellees do not appear to have undertaken or done the business of negotiating a sale of appellant's property upon the condition that no commissions for effecting such sale would be paid unless appellant, by procuring a loan of $41,000, was able to carry out his proposed sale.

Appellees did procure a satisfactory purchaser, and the trade fell through because of appellant's inability to comply with conditions they had agreed to.

The judgment of the Circuit Court is affirmed.

SHEPARD, J., dissents.