C. G. STALEY v. J. H. HUFFORD *et al., as Partners, etc.*

No. 14,614. (85 Pac. 763.)

SYLLABUS BY THE COURT.

AGENCY — *Commission for Sale of a Homestead* — *Refusal of Wife to Convey.* Where one employs a real-estate broker to find a buyer for land which he occupies with his wife as a homestead, and the broker produces a purchaser ready and willing to take the property upon the prescribed terms, the agent's claim for compensation is not defeated by the fact that a sale is prevented through the refusal of the wife to execute a conveyance.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed May 12, 1906. Affirmed.

*Chris Ritter,* for plaintiff in error.

*J. B. Atchison,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: C. G. Staley employed Hufford & Napier, real-estate agents, to sell for a stated price a tract of land, a part of which was occupied by himself and wife as a homestead, or to arrange a satisfactory exchange of this for other property. The agents found a buyer, one C. A. Martin, who was ready and willing to take the land upon terms that were satisfactory to Staley; and Staley and Martin signed a paper purporting to be a contract for its sale or exchange. Staley's wife did not execute this instrument or otherwise consent to the bargain. She refused to execute a deed, and the deal consequently fell through. Hufford & Napier sued Staley for a commission, and recovered a judgment, which it is the purpose of this proceeding to reverse.

The principal contention of the plaintiff in error is that inasmuch as the contract entered into by Staley and Martin was void for want of the consent of Mrs. Staley there could be no recovery for services in connection with it, *Thimes v. Stumpff,* 33 Kan. 53, 5 Pac. 431, being relied upon to support this view. The invalidity of that contract does not affect the matter. It was competent for Staley to employ Hufford & Napier to find a buyer for property which he had no power to convey, just as he might have employed them to get a bidder for property which he did not own but which he expected to be able to control. Having asked and received their services, no reason is apparent why he should not pay them therefor, they having done everything possible on their part, and their efforts to accomplish a sale having been rendered futile by the inability of Staley to procure a conveyance, which resulted from no fault of theirs. The purported contract signed by Staley and Martin is of no importance in the matter except as evidence that the terms of sale or exchange negotiated by Hufford & Napier in fact met the requirements of Staley, and therefore that the agents had performed the duty they had undertaken. The

case is within the reason of the rule that a real-estate broker's claim for commission is not defeated where a sale is prevented by the fault of his employer.

A letter written by the agents contained an expression to the effect that they expected no pay unless they made a trade. This did not alter the essential character of their contract with Staley, or affect the application of the rule referred to. (23 A. & E. Encycl. of L. 919, 920.)

Complaint is also made of the refusal of the court to permit the introduction of certain testimony, but the offer was made under such circumstances that it was clearly within the discretion of the court to refuse to consider it on account of the time of making it. The judgment is affirmed.

All the Justices concurring.