H. A. JONES, *Appellee,* v. A. A. HEDSTROM, *Appellant.*

No. 18,042.

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER — *Contract — Specific Performance.* Where a written contract is made between the owner and a proposed purchaser of a tract of land, in which contract the terms of the transaction are specified in full, and where the purchaser thereafter requests that the deed be made to recite a different consideration than is recited in the contract and the name of the grantee be left blank, the seller is not bound to comply with the request nor is he justified by reason thereof in repudiating the whole transaction, but it is his duty to grant the request or to tender performance in accordance with the contract.

2. AGENCY—*Purchaser Found—Owner Refuses to Deed—Agent Entitled to Commission.* Where a real-estate agent has a contract with the owner of certain lands that if the agent secures a purchaser for the land at a specified price per acre net to the owner, the implied agreement being that any excess obtained should go to the agent as his commission, and the agent secures a buyer who executes a contract to buy the land upon the terms prescribed to the agent but at the price of one dollar more per acre than the net price stated, and such purchaser is able and willing to buy the land pursuant to his contract but the owner refuses without just cause to convey the land; *held,* that the agent is entitled to recover of the owner as damages a judgment equal to one dollar per acre of the land.

3. ATTACHMENT — *Judgment* — *Order of Sale Properly Made.*
Where in an action for the recovery of money, an attachment
is issued and levied upon real estate and the action proceeds
to judgment in favor of the plaintiff, no question as to the
validity of the attachment having been raised, an order for
the sale of the attached property, in case of the nonpayment
of the judgment, is properly made.

Appeal from Butler district court.    Opinion filed
April 12, 1913.    Affirmed.

*J. T. Pringle,* of Burlingame, *C. L. Harris,* of El Do-
rado, and *W. S. Kretsinger,* of Emporia, for the ap-
pellant.

*George J. Benson,* and *T. A. Kramer,* both of El Do-
rado, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee solicited from the appel-
lant, by letter, the agency to sell 640 acres of land
owned by appellant in Butler county, and informed ap-
pellant that he had a buyer offering $12,500 therefor.
In the reply the appellant informed appellee as follows:

"Just at present I do not care to sell it.    Probably
later on it will be on the market."

Without further word from the appellee, ten days
later the appellant wrote to appellee as follows:

"Was going to hold off for a while on that land, but
if I can get $12,800 net to me I'll sell."

He also gave a statement of the incumbrance on the
land and the cash necessary to make the deal, assum-
ing that the purchaser would assume the incumbrance.

Several letters followed from appellant to appellee
in which appellant urged the selling of the land, and
giving details as to the incumbrance, etc.    On Octo-
ber 25, 1909, attorneys for appellee sent to appellant
a copy of a contract which appellee had made with
John C. Hoyt.    The contract was dated October 22,

1909. November 8, 1909, appellant wrote to appellee the following letter:

"I have your letters and telegrams saying you have sold the land. Have given same to Mr. J. T. Pringle, Burlingame, Ks., to look after, as you probably know. Want to get everything straightened up as early as possible. Yes, I should have gotten more, but wanted to sell it now so of course it's alright. Glad that you sold it. I know you have been making quite an effort and you are entitled to something. Hurry things up."

Afterwards Mr. Pringle, the attorney referred to in the above letter, wrote to Kramer and Benson, appellee's attorneys, the following letter:

"I am sending the Hedstrom abstract. Please note carefully letter of Davis, Wellcome & Co. Make no changes on this abstract as it is to go back to the Insurance Co. in New York. If title is satisfactory prepare a deed for Mr. Hedstrom to sign and send it to me."

November 30, 1909, the appellant wrote to the appellee making objections to some requests made as to the terms of the deed, which had been sent to his attorneys to be executed by him, and in closing said:

"I feel that under the circumstances, I would rather just declare this whole matter of selling my land off until I see or write you further. You need not further offer the land for sale until I see you or write you."

On December 29, 1909, the appellant definitely informed appellee that he called the deal off. As shown by the contract and letters, the appellee had negotiated a sale of the land for $21 per acre, and the price at which he was to account to appellant was $20 per acre.

Thereafter the appellee commenced this action to recover $640 commission which by the terms of the letter he claims he was entitled to receive.

It is true that in the negotiations the purchaser, through the appellee, requested that the consideration

for the deed be stated as "One ($1.00) and other valu-
able consideration and 00-100 Dollars," and that the
name of the grantee be left blank, but by the terms of
the contract appellant had a right to deed the land to
Mr. Hoyt or to any party whom Hoyt might designate.
A deed stating the true consideration and conveying
the land to James C. Hoyt would have met the con-
ditions of the contract on appellant's part.  Neither
the appellee nor the purchaser had at any time made
the requests a condition for closing the deal, and the
requests were made after the execution of the contract
by Hoyt.  The contract was approved by appellant in
his letter of November 9, more than two weeks after
it had been executed by Hoyt and forwarded to him.
In this letter appellant urged the closing of the trans-
action as early as possible.

.By the contract the appellant was advised that the
purchaser had deposited $350 in a bank at El Dorado
to secure the performance of the contract on his part,
and there is evidence that this was the fact.

Exceptions are taken to the overruling of appel-
lant's objection to the evidence of Hoyt, that he had
made arrangements to raise the money to comply with
the contract; also that the court erred in overruling
the demurrer to appellee's evidence, in rendering judg-
ment for appellee, and in overruling the motion for
new trial.  It is urged that, as Hoyt admitted that
he did not have sufficient money to comply with his
contract, the appellant was not, by reason thereof,
bound to forward his deed.  The objections are un-
tenable.  Hoyt had the amount of money deposited in
the bank which was required by the contract to protect
appellant from any damages preliminary to the pro-
duction of the deed and abstract, and also had assur-
ance of procuring the additional sum necessary to com-
plete the purchase.  Moreover, the supposed uncertainty
of Hoyt's ability to comply with his contract was not
the ground of appellant's refusal to complete the trans-

action. There was ample evidence to support the claim of the appellee and to justify the judgment.

While a deed was requested which did not in every respect conform to the contract which had been approved by the appellant, the appellant was not obliged to comply with such request, nor, on the other hand, was he justified in repudiating the whole transaction because of such request. If he was not willing to allow the request, it was his duty to tender performance in accordance with the contract. This he failed to do.

At the beginning of the action the appellee had caused an attachment to be levied upon the appellant's land, and in rendering the judgment the court ordered the sale of the land to satisfy the judgment. The abstract of appellant does not indicate that any effort was made to dissolve the attachment before the trial, and therefore if the judgment was proper the order of sale, conditioned on the nonpayment of the judgment, followed as a matter of course.

There was evidence to sustain a finding that the appellee secured a purchaser who was able and willing to buy and pay for the land in accordance with the contract, and such finding is implied in the decision of the court in favor of the appellee.

The judgment is affirmed.