EDWIN LYMAN, *Appellant*, v. EDWARD F. WAGNER et al., *Appellees*.

No. 18,262.

### SYLLABUS BY THE COURT.

PRINCIPAL AND AGENT—*Purchaser Found—Sale Made—Purchaser Forfeited Contract—Commission Earned*. A broker was employed to find a buyer for a tract of land at a fixed price net to the owner, under an agreement that any excess obtained above that price should go to the broker as his commission, and that the commission should be paid out of the first money received on the sale. A purchaser was found, acceptable to the owner, with whom he entered into an enforceable contract of sale under which a cash payment was made, and the balance of the purchase price was to be paid in two annual installments with the condition that if the payments were not made at stipulated times the owner might elect to forfeit the payments already made. The purchaser failed to make the payments as agreed upon, and the owner thereupon elected to and did declare a forfeiture, but declined to pay the broker the stipulated commission because the contract had not been fully carried out by the purchaser. *Held*, that the broker had fully earned his commission when, without fraud or concealment, he produced a purchaser who was accepted by the owner and with whom the owner entered into a contract of sale, and he could not be deprived of it because the purchaser did not make the deferred payments at the stipulated times.

Appeal from Cheyenne district court. Opinion filed June 7, 1913. Reversed.

*T. M. Noble,* and *Fred Robertson,* both of Atwood, for the appellant.

*E. E. Kite,* of St. Francis, and *H. O. Caster,* of Oberlin, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Edwin Lyman, the appellant, brought this action to recover a commission alleged to be due to him for procuring a purchaser of four hundred and eighty acres of land owned by Edward F. Wagner and Ethel Wagner. In the listing contract it was stipulated that the price to be obtained should be $24 per acre net, that is, that Lyman should receive all over $24 per acre as his commission for making the sale, and this commission, it was stipulated, was to be paid from the first money received on the sale. Lyman found a purchaser who was accepted by the appellees and with whom they entered into an agreement to sell the land for $12,240, or $25.50 per acre, an excess over the price of $24 per acre of $720. In accordance with the agreement the purchaser paid appellee $1000 in cash, and it was stipulated between them that the purchaser should forfeit any payments which had already been made by the failure to complete the payments within the time specified. The purchaser failed to make the payments as he agreed and appellees elected to consider the $1000 cash payment forfeited. Appellees did not pay the appellant the $720 of excess as commission, or any other sum, and this action was brought to enforce payment. The trial was by the court without a jury, and after finding the facts in the case the court held that Lyman was not entitled to recover a commission.

The court concluded that appellant was not entitled to recover because the purchaser had defaulted in making the payments and had failed to carry out the terms of the contract of sale. This conclusion can not be upheld. A purchaser was produced by the appel-

lant ready to purchase the property upon terms that might be agreed upon. It then devolved upon appellees to decide whether he was an acceptable purchaser. He was accepted by them and entered into a contract of purchase on terms satisfactory to appellees. When he was accepted and the contract was executed the appellant had performed his duty as broker and, in the absence of any concealment or fraud upon his part, his commission was earned. (*Lockwood v. Halsey,* 41 Kan. 166, 21 Pac. 98; *Stewart v. Fowler,* 53 Kan. 537, 36 Pac. 1002; *Green v. Fist,* 89 Kan. 536, 132 Pac. 179.)

In the case last cited, where there was a provision giving the owner an option to forfeit a payment made in case of a default by the purchaser, it was held that:

"The brokers had earned their commission when the purchaser was found by them and accepted by the owner, and that they can not be deprived of the same because the deferred payments were not made by the purchaser and the terms of the contract fully carried out." (Syl. ¶ 1.)

It is immaterial whether the commission is fixed by a percentage of the sale price or by an excess in the price obtained over that mentioned in the agreement between the owner and the broker. In this case the price agreed to be paid by the purchaser exceeded the price named in the brokerage contract in the sum of $720, and there was an agreement that the commission was to be paid out of the first money received on the sale. The contract in this case was more than tentative, more than a mere option. There was a binding agreement to sell and purchase for a definite price, with a substantial cash payment and the balance payable in two annual installments. It included a condition that if the purchaser defaulted in payments of the purchase money, or in the payment of taxes, the owner had the option to forfeit the payments already made, and this he chose to do instead of enforcing the contract against the purchaser as he had a right to do. Under the con-

Anderson v. Cloud County.

tract the purchaser had no option to accept or reject the property as he might elect, but covenanted and agreed to make the payments and perform other covenants at stated times, and the agreements and covenants were extended to and made obligatory on his heirs, executors and assigns. Even if the purchaser had been given an option and later had elected to enter into a contract of sale such as was made herein appellant would have been entitled to a commission. In such a case it has been said:

"The broker is entitled to a commission, however, where the customer exercises his option by purchasing the property; and if the purchaser agrees absolutely to buy the property, the fact that the price is payable in installments, and that the vendor is given the right to declare a forfeiture on default in payment of any installment, does not defeat the broker's right to a commission." (19 Cyc. 253.)

(See, also, *Jones v. Hedstrom*, ante, p. 294, 131 Pac. 145.)

The judgment of the district court will be reversed and the cause remanded with directions to enter judgment in favor of the appellant.