No. 18,965.

J. B. FLEMING, *Appellee*, v. LILLIAN HATTAN,
as Administratrix, etc., *Appellant*.

SYLLABUS BY THE COURT.

AGENCY—*Contract with Agent by Husband Alone to "Buy or
Sell" Homestead—Performance by Agent—Commissions.* The
owner of a tract of land occupied as a homestead signed a
writing in which his wife did not join, by which he agreed
to convey such land to a person named (who was a real-estate
agent) for a stated sum, or upon receipt of such sum to
convey it to any grantee, and for any recited consideration
that such person should designate. It also certified that, for
the consideration of $1, he had granted to such person the
exclusive option to buy or sell the property for the price
stated, during a specified time. *Held,* (a) that the contract
included an employment of the real-estate agent to negotiate
a sale of the property, his compensation to be the amount
by which the selling price exceeded that named in the agree-
ment; (b) that upon producing a, buyer willing and able to
take the property at a price in excess of that fixed in the
contract the agent was entitled to a commission equal to
such excess; and (c) that the transaction may be so
regarded notwithstanding the agent entered into a written
contract with the buyer which recited that he (the agent)
was to purchase the property and sell it to the buyer.

Appeal from Greenwood district court; ALLISON T.
AYRES, judge. Opinion filed July 7, 1914. Affirmed.

*R. P. Kelley,* of Eureka, for the appellant.
*Howard J. Hodgson,* of Eureka, for the appellee.

The opinion of the court was delivered by

MASON, J.: On March 18, 1909, James Weatherby
executed a writing in these words, the real estate
referred to being that occupied by himself and family
as a homestead:

"To whom it may concern :—
"This is to certify that I have this day granted to
J. B. Fleming of Hamilton, Kansas, an option upon
my farm, to buy or sell the same, for the consideration
of $4900.00. This option is granted for the term of to

April 1st, 1909, and is the exclusive option to buy or sell the following described real estate [describing it]. I hereby grant the above exclusive option on the above described tract of land, for the consideration of $1.00, the receipt of which is hereby acknowledged, and I hereby further agree to furnish a warranty deed and abstract, showing a good title to said land, said abstract and deed to be delivered in the Hamilton, Kansas, within five days after receiving notice from the said J. B. Fleming that he has sold or will buy my tract of land at the above figures, and I further agree to make the deed to any one designated by the said J. B. Fleming, and will make the consideration in the deed the amount that the said J. B. Fleming may desire and the consideration which I am to receive as mentioned above is to be full and complete consideration for all my lands, improvements and appurtenances thereto belonging."

Four days later Fleming, who was a real-estate agent, entered into a written agreement with Charles Pedroja by which the latter agreed to buy the property for $5000. Fleming reported to Weatherby that he had effected a sale, and asked him to make a deed, but he refused. Fleming brought action against Weatherby for $100 as a commission earned by producing a buyer for the property at the price fixed by the owner. Weatherby died during the litigation, which was continued in the name of his administratrix. Judgment was rendered for the plaintiff, from which an appeal is taken.

It is conceded that, regarding the contract signed by Weatherby as one for the sale of his homestead, no action will lie for damages for its breach, since the law prevented his carrying out such an agreement without his wife's coöperation. (*Hodges v. Farnham,* 49 Kan. 777, 31 Pac. 606.) The plaintiff contends, however, that the contract included provisions in effect appointing Fleming as Weatherby's agent to find a buyer for the property at any figure he should see fit over $4900, he to receive such excess as his compensation. The fact that the property is a homestead did

not prevent Weatherby from rendering himself liable upon a contract to pay a commission to an agent for finding a purchaser. (*Staley v. Hufford,* 73 Kan. 686, 85 Pac. 763.) The writing signed by him is so well adapted to securing a real-estate agent's commission under the arrangement referred to as naturally to suggest that this was what was in the minds of the parties when it was executed. But it is doubtless void for all purposes if it is unambiguous and evidences only an agreement by Weatherby for a conveyance of the property upon stated terms to Fleming or to some one named by him. Upon its face, however, it carries a suggestion of agency. It is drawn in the form of an appointment—of a certificate to all who might be concerned that an authority had been conferred on Fleming. By its terms it grants an "exclusive option to buy or sell" the property within a stated time. The fair interpretation of this is a grant to Fleming of a right to "sell" the property as the agent of Weatherby. Fleming could need no authority to sell it himself after buying it from Weatherby. And the word "sell" in this connection ordinarily means to find a purchaser for. (7 Words & Phrases, p. 6406; *Brown v. Gilpin,* 75 Kan. 773, 90 Pac. 267.) We think the contract must be interpreted as including an employment of Fleming as Weatherby's agent to negotiate a sale of the property, his commission to be the amount by which the selling price exceeded $4900, in this case $100.

The contract between Fleming and Pedroja provided that Fleming was to buy the property and that Pedroja was to pay him $5000 for it; it recited a payment of $200, which Fleming was to retain as a forfeit if Pedroja should fail of performance on his part. This language conforms to the theory of a purchase by Fleming and a resale to Pedroja. But when the transaction was reported to Weatherby and he was

given the opportunity to receive $4900 for making the deed to Pedroja, Fleming had substantially performed the services by which his commission was to be earned.

The judgment is affirmed.

BENSON, J., dissents.