No. 22,054.

CLAY McKIBBEN, *Appellee*, v. ERNEST C. WILSON and E. M. DEAN, Partners, etc., *Appellants*.

SYLLABUS BY THE COURT.

1. AGENCY—*Sale of Real Estate—Contract for Agent's Compensation.* The contract herein fairly interpreted is that plaintiff was appointed as agent for the defendants to procure a purchaser for their land at a fixed net price, and that he was to receive the excess over the quoted net price as his compensation for his services in finding a purchaser able and willing to buy the land on the stipulated conditions.

2. SAME—*Purchaser Found—Defective Title—Commission Earned.* One of the conditions of the contract was that plaintiff was to sell outside quarter sections, and not from the center of the tract listed with him by defendants. Plaintiff obtained a purchaser for outside quarters and then for a section just inside of those sold, but afterwards, through the inability or unwillingness of defendants, certain defects in the titles to the tracts first sold were not corrected by them, and those sales were never completed. After the failure to complete those transactions no question was raised or any objections made by defendants that the section in question was an inside tract, but they proceeded for many months thereafter in an attempt to perfect their title thereto, and they finally failed to do so. *Held*, that the defendants will not be permitted to urge the objection that the land in question was an inside tract after the action to recover the commission is begun.

3. SAME—*Agent's Compensation.* Under the contract the plaintiff was to receive all over the net price that was to be paid to the defendants as his commission. It was not necessary that plaintiff should inform the defendants as to the amount of the excess that he was to receive as compensation.

4. SAME—*Measure of Agent's Recovery.* The decisions made in earlier cases, that under agreements of the kind in question the owner is liable to the agent for the difference between the quoted net price and the selling price as his commission, are adhered to.

McKibben v. Wilson.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed July 5, 1919. Affirmed.

*Albert Watkins,* and *Arthur C. Scates,* both of Dodge City, for the appellants; *William Easton Hutchison,* of Garden City, of counsel.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Plaintiff brought this action to recover from defendants $1,600 alleged to be due him for services rendered in finding a purchaser for a section of land. Judgment was given in favor of the plaintiff, and defendants appeal.

Following is the agency contract under which the services were rendered:

"It is understood and agreed that Wilson & Dean, of Morton county, Kansas, give to Clay McKibben, of Ford county, Kansas, the agency for ninety days from date hereof on all lands owned by them in township thirty-two, range forty-three, in Morton county, Kansas, for the consideration of $5 per acre, payable as follows: five hundred dollars cash per quarter upon the delivery of warranty deed and abstract. Three hundred dollars per quarter to be carried back in a mortgage on each quarter for one, two and three years, with the privilege of paying at any interest payment date, interest at seven per cent, payable annually. It is understood that Wilson & Dean reserve the right to sell this land themselves, and that they are not to list the same with any other agent within the time stipulated, and in case said Wilson & Dean make a sale of any or all of the lands referred to they are to notify said McKibben at once. It is further agreed that they are to protect him in any sales made above the stipulated net price to Wilson & Dean of $5.00 per acre. For the consideration of which Clay McKibben, is to advertise and devote a reasonable amount of time towards the selling of the above lands. It is further agreed that the sales are to be made from the outside quarters and not from the center of the tract as shown by plue print, a copy of said blue print being attached hereto."

Several sales were made in pursuance of this contract, for which settlement was made, and later, near the expiration of the ninety-day period stipulated in the contract, the plaintiff found a purchaser for what is designated as section ten. The purchaser agreed to take the land on the terms mentioned in the contract, and advanced $200 as earnest money, which the

defendants accepted. Abstracts of title were prepared and forwarded to the purchaser for examination. Defects were pointed out by the examiner, and for a number of months defendants made efforts to comply with the requirements of the examiner, but finally declined to perfect the title or complete the transaction. One of the grounds for resisting plaintiff's claim for commission was noncompliance with the terms of the contract. The notice of the purchaser found was given a few days after the ninety-day agency period had expired. Although mentioned, this is not insisted on as an objection by counsel for defendants. In the court below he stated that the action of the parties was such as to constitute an extension of the agency, and of that there is no room for dispute.

It is contended that there was a lack of compliance, in that the section in question was an inside tract, while the contract stipulated that sales were to be made by plaintiff from outside quarters, and not from the center of the tract. It appears that prior to the sale of section ten the plaintiff had found purchasers for portions of sections fifteen and twenty-two, and with the sale of these tracts section ten became an outside tract. It developed later that the titles to some of the lands in sections fifteen and twenty-two were defective, and defendants were either unwilling or unable to perfect them. Because of the defects, the sales were not completed, but the failure was through no fault of the plaintiff. After this failure, and with full knowledge of the facts, the defendants proceeded with the negotiations as to section ten and continued their efforts to perfect the title to that tract and complete the transfer. No objection was then made that section ten was an inside tract, nor was that given as a reason for declining to close the transaction. Defendants will not be permitted to shift their ground of resistance nor to insist that the failure to complete the sales of the lands in sections fifteen and twenty-two is a good reason for nonfulfillment of the contract as to section ten. (*Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444; *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116; *Putnam v. King,* 96 Kan. 109, 150 Pac. 559.)

Another objection made by defendants is that plaintiff did not inform them of the excess over the net price that the purchaser was to pay for the section, or rather the amount of the commission that plaintiff was to receive. In his letter remit-

ting the $200 of earnest money to them, plaintiff stated that the section was "sold at $3200.00 net to you, $2000.00 cash, $1200.00 in one, two and three years, at seven per cent." These terms were those stipulated in the contract, and the purchaser was to give the plaintiff a second mortgage for his commission, which amounted to $1,600. Under the agreement of the parties the excess over the net price did not concern the defendants. They knew that plaintiff was to get the excess as his commission, and it appears that they never inquired how much he was to receive. There is no claim that he misrepresented the facts to them, but simply that he did not tell them the amount that he was to receive as commission. Other of their lands had been sold by plaintiff under the same agency contract, and defendants were not sufficiently interested to even inquire the amount which plaintiff received or the manner of payment in those transactions.

This case does not fall within the rule of the cases cited by defendants. In one of these, *Jeffries v. Robbins,* 66 Kan. 427, 71 Pac. 852, there was a dispute as to the terms of the contract, and there was misrepresentation and fraud in securing the agreement of the principal to sell the property. It was held that it was not agreed that the agent should have the excess over the net price to the owner, and that, therefore, it was incumbent on him as an ordinary agent to inform the owner as to the selling price of the land. In *Schuhmacher v. Lebeck,* 103 Kan. 458, 173 Pac. 1072, property was listed with an agent to procure a purchaser at a named price, the agent to get his commission from the buyer. The agent represented that he had secured a purchaser when, in fact, he was the buyer himself. The owner had not offered to sell the land to the agent, and his acceptance of the offer was made upon the representation that the land had been sold to a third person. It was held that a sale by the agent to himself was invalid, and that the owner was not bound by his acceptance. It was remarked that if the agent had produced a buyer on the terms specified, the owner could have been required to pay him the excess commission where the sale was made to a third person in accordance with the terms of the contract. There was no controversy in this case as to the provisions of the contract, no misrepresentation as to the purchaser, and no question raised by defendants

as to the amount of the excess over the net price fixed in the contract. The defendants were then content to receive the net price which had been stipulated. Moreover, their refusal to complete the transaction was not based on the fact that plaintiff had not informed them how much commission he was to receive, although many months elapsed between the sale and the final repudiation of the contract, wherein they had ample opportunity to learn of the price paid by the purchaser. As we have seen, their refusal to transfer the land and pay the commission was based on other grounds, and, as already held, the defendants cannot place their refusal on one ground and rely on another when an action is brought to recover the commission.

The final contention is that the plaintiff was not entitled to the excess over the net price as compensation for finding a purchaser, but only the usual compensation. It is true, as defendants contend, that an agent is not entitled to the excess over a quoted net price unless it is provided for in the contract between the parties. Under any fair interpretation of the agreement between the plaintiff and the defendants, it must be held that plaintiff was to have as his compensation all of the purchase price in excess of the net price named by defendants. The case falls fairly within the rule of *Jones v. Hedstrom,* 89 Kan. 294, 131 Pac. 145, where an agreement that the agent was to have the excess over the net price specified by the owner, was implied, and it was held that the agent, having procured a purchaser able and willing to buy the land on the terms fixed, was entitled to recover as compensation the difference between the net price and the amount the purchaser agreed to pay. Defendants recognize that the decisions of this court are against their contention in the main and are asking for a reconsideration of the question, citing a number of cases from other states, among which are *Turnley, Levey & Co. v. M. C. Michael,* 4 Willson [Tex. Ct. App.], 363, *Chezum v. Kreighbaum,* 4 Wash. 680, *Boysen v. Robertson,* 70 Ark. 56, *Matheney v. Godin,* 130 Ga. 713, *Ford v. Brown,* 120 Cal. 551, and *Louva v. Worden,* 30 N. D. 401.

The decisions in some of these cases were rested upon interpretations of certain provisions of the contracts, and to some extent upon circumstances not common to this case. In some the holdings appear to be contrary to the rule which has been

adopted and enforced in Kansas. We discover no reason for overruling the decisions to which the court has adhered throughout repeated considerations.

In *Manker v. Tough,* 79 Kan. 46, 98 Pac. 792, the owner specified the net price of the land listed with an agent at $6 per acre, and agreed the latter should receive as commission the amount for which the land was sold in excess of that price. A purchaser was found, who was accepted by the owner, and in the action to recover compensation for the services it was held to be a contract of agency, and not a joint venture, and that the agent was entitled to recover the excess as his compensation.

In *Lyman v. Wagner,* 90 Kan. 12, 132 Pac. 988, land was listed with a real-estate agent who, it was agreed, was to receive any amount for which it might be sold over a fixed net price, as his commission. A purchaser was procured by the agent, who was accepted, but the purchaser for some reason did not complete the transaction and chose to forfeit a payment that had been made to the owner. It was held, citing *Jones v. Hedstrom,* supra, that the agent was entitled to the excess over the net price as his compensation.

The same question was involved in *Culbertson v. Sheridan,* 93 Kan. 268, 144 Pac. 268, where a tract of land was placed in the hands of an agent for sale at a net price of $11.50 per acre, the land to be sold at enough above the price named to pay the agent's commission. After the agent had found a purchaser at $12.50 per acre, the owner attempted to raise the price of the land, and afterwards made a sale of it to the purchaser at $12.50 per acre, but declined to pay any commission. It was ruled that the owner was liable to the agent for the difference between the net price quoted and the selling price, as his commission. Other cases of like import are *Sandefur v. Hines,* supra, *Fleming v. Hattan,* 92 Kan. 948, 142 Pac. 971, and *Schuhmacher v. Lebeck,* supra.

It follows from what has been said that the judgment must be affirmed.