## Jesse R. Hunter, Appellee, v. Oliver H. Gates, Appellant.

1. BROKERS—*right to commissions as affected by contemporaneous parol agreement.* A contemporaneous verbal agreement cannot be proven to defeat a broker's right to commissions for having procured a purchaser ready, willing and able to buy the land on the owner's terms where the right to commissions rests on a written contract.

2. BROKERS—*effect of owner's inability to perform on right to commission.* A directed verdict for the owner in an action by a broker to recover commissions for having procured a purchaser ready, able and willing to buy the owner's land on his terms is properly refused where the evidence shows that the deal fell through because of the owner's failure to give the purchaser a deed by which title could be transferred to him, the owner's wife having refused to join in such deed.

3. BROKERS—*necessity for embodying in general instruction all elements to be considered.* An instruction, in a broker's action for commissions, that defendant is not released from liability for commissions by his wife's refusal to join in the execution of a deed to the premises for which the broker procured a purchaser, is not erroneous as ignoring a specific defense that the broker's right was dependent upon the wife's joining in the deed under a specific contract contemporaneous with the execution of the agreement sued on, the instruction being a general and not a peremptory one.

4. INSTRUCTIONS—*omission of words "from the evidence" as error.* The omission of the words "from the evidence" from an instruction is not erroneous where, from the other instructions given, the jury could not have been misled into thinking that their belief might be based on matters outside the evidence, especially where the instructions were full and elaborate.

5. APPEAL AND ERROR—*scope of review limited by bill of exceptions.* An objection that appellant handed the court two instructions at the trial of the case which were lost and therefore not given to the jury cannot be raised where the bill of exceptions does not show the instructions in question nor that they were lost, especially where the instructions given for appellant fully covered the legal points involved.

Appeal by defendant from the Circuit Court of Adams county; the Hon. FRED G. WOLFE, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922.

WILSON & SCHMIEDESKAMP, for appellant.

ADAIR & ROY, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This action was commenced by Jesse R. Hunter, the appellee, in the circuit court of Adams county, to recover a commission which he claimed was due him for services alleged to have been rendered to the appellant, Oliver H. Gates, as real estate agent, under a contract for the sale of a 160-acre farm. It is alleged in the declaration that the appellant agreed to pay the commission claimed by virtue of the written contract under the terms of which the appellee agreed to act as agent for the appellant in bringing about a sale of the farm referred to, and that the appellant in said contract agreed to pay the appellee a commission of two per cent on the sale price of a farm when a sale of the farm was made for $250 per acre, and when the purchase price was paid; that the appellee procured a purchaser for said farm who was ready, able and willing to buy the same, and pay the purchase price therefor, but that the sale thereof was prevented on account of appellant's refusal to make and deliver a deed for the same. The defense relied upon is set forth in the 7th and 8th special pleas, both of which on their face raise the same issue of fact, namely, that the appellee and the appellant had a verbal understanding and agreement at the time the written contract for the commission was entered into; that the appellee should not be entitled to a commission unless the appellant's wife joined in the execution of the deed for the farm. The pleas also recite that the appellant endeavored in good faith to get his wife to join in the deed to the purchaser, but that she refused and persisted in her refusal, and that therefore a sale could not be carried into effect. There

was a trial by jury which resulted in a verdict and judgment for $800 in favor of the appellee. This appeal is prosecuted from the judgment.

A number of errors are assigned and argued for reversal of the judgment. These errors chiefly concern questions arising in reference to the appellant's defense under the 7th and 8th special pleas upon which issue was joined. It may be said generally, concerning this defense, that it clearly appears that the verbal agreement and understanding which the appellant claimed to have had with the appellee, which is set forth in the pleas, was contemporaneous with the execution of the written contract. It is well-settled law that a written contract cannot be changed, modified or contradicted by contemporaneous verbal agreements. All verbal agreements and understandings are conclusively presumed to be merged in the written contract. *Davis v. Fidelity Fire Ins. Co.*, 208 Ill. 375; *Boylan v. Cameron*, 126 Ill. App. 432; 13 Corpus Juris, sec. 616, p. 597.

The pleas, however, raised the issue of fact whether the verbal understanding set forth in the pleas was had between the parties, and this question under the issues was submitted to the jury. The appellee in his testimony denied that there was any such verbal understanding and the jury found by their verdict that there was no such understanding, and we would not be justified in holding that the jury were not warranted in reaching that conclusion. Their finding on this matter, as a fact, must be regarded as conclusive. It is contended that the court erred in refusing to direct a verdict for the defendant at the conclusion of the evidence for the appellee. The evidence tended to show that the appellee had secured a purchaser under the written contract who was ready, able and willing to purchase the farm, and that the sale could not be effectuated because of the appellant's failure to give the purchaser a deed by which the title of the

farm could be transferred to him, and that this also prevented payment of the purchase money. There was no error in the court's refusal to direct a verdict in this state of the proof. A principal cannot defeat a broker's right to compensation by refusing to enter into contract with the purchaser. 31 Cyc. 1509; 9 Corpus Juris 596-7. It may be stated, generally, that if the broker performs his part of the contract by doing all that he is required to do and is prevented from or deprived of the opportunity of consummating the sale by the act of the principal, he is still entitled to his commission. 4 R. C. L. sec. 60, p. 323; 2 Amer. & Eng. Encyc. of Law 578; *Pederson v. North Yakima & E. S. Irr. Co.,* 63 Wash. 636, 116 Pac. 279; *Swee v. Neumann,* 67 N. Y. Misc. 605, 123 N. Y. Supp. 776; *Hyams v. Miller,* 71 Ga. 608; 8 Amer. & Eng. Encyc. of Law 580. The appellant insists that he did not prevent the consummation of a sale because he was willing at all times to execute and deliver his individual deed for the farm. It is sufficient to say upon this point that a sale of the farm could not legally be accomplished without a deed that would carry the title and transfer it to the purchaser, and in this case the proof clearly shows the title to the farm could not be transferred to a purchaser unless the appellant's wife joined in the deed. In agreeing to a sale of the farm the appellant impliedly agreed also to procure the signature of his wife to the deed to the purchaser inasmuch as this was necessary to pass good title, and the evidence tended to show that the sale was prevented by appellant's failure to give to the purchaser, who was ready, able and willing to purchase, a deed, which would pass good title. *Hecht v. Hall,* 62 Ill. App. 100; *Staley v. Hufford,* 73 Kan. 686, 85 Pac. 763; *Fleming v. Hattan,* 92 Kan. 948, 142 Pac. 971.

Complaint is made about the giving of the 6th instruction for the appellee, which is as follows:

"The court instructs the jury that if you believe

that defendant agreed to pay the plaintiff a commission for furnishing a purchaser for his farm, that a refusal on the part of defendant's wife to join her husband in the execution of a deed to the farm would not release the defendant from liability to pay such commission.''

Appellant's contention is that the instruction ignores the defense under pleas 7 and 8. Inasmuch as the instruction does not direct a verdict, however, it was not necessary to embody in it all the elements necessary for the jury to consider in arriving at the verdict, but instructions supplement each other and are considered as a series. *Pardridge v. Cutler,* 168 Ill. 504; *Hoge v. People,* 117 Ill. 35; *Mt. Olive & S. Coal Co. v. Rademacher,* 190 Ill. 538. It is pointed out that the words ''from the evidence'' are omitted from the instruction. This is not reversible error unless it appears that the jury might have been misled thereby into thinking that their belief might be based on matters outside of the evidence. *Holliday v. Burgess,* 34 Ill. 193. But in view of instructions Nos. 3, 11 and 13 for the appellee and No. 4 for the appellant, it is evident that the jury could not have been misled, but must have been impressed with the correct idea that they should decide the questions involved in the case from the evidence. The appellant's defense was fully and elaborately set forth in a number of instructions, and the jury could not have overlooked the questions of fact raised thereby. Appellant argues that the court erred in modifying instruction No. 8, which he requested be given, by inserting the words, after the word ''deed'' therein, ''sufficient to convey the title of said farm.'' The modification was proper for the reasons already stated. The record does not disclose any error in the admission or rejection of evidence.

Appellant also contends that he handed the court two instructions which were lost and therefore not

given to the jury. Appellant is not in position to raise any question concerning this matter, inasmuch as the bill of exceptions does not show the instructions which the appellant presented nor that they were lost. Questions of this character cannot be raised on affidavits. Moreover, it is apparent that the instructions given for the appellant fully and completely covered the legal points he was entitled to in his defense, and all that the defendant was entitled to in the instructions which were refused, was covered by the instructions given. The record does not disclose any reversible error and judgment is therefore affirmed.

*Affirmed.*