No. 27,712.

ROBERT C. MAYSE, *Appellant*, v. JOHN B. GRIEVES, *Appellee*.

(262 Pac. 541.)

SYLLABUS BY THE COURT.

1. TRIAL—*Ruling on Demurrer to Evidence.* Rule followed that on an appeal from a judgment in favor of the defendant rendered on his demurrer to the evidence of the plaintiff only the evidence favorable to the plaintiff need be considered.

2. CONTRACTS—*Mutual Assent—Written Agreement.* Where there is no fraud or mistake, it cannot be said that the minds of the parties to a contract did not meet where the contract is reduced to writing and is signed by the parties thereto.

3. BROKERS—*Action for Compensation—Completion of Negotiations.* Where one person employs another to assist in the purchase of specific real property, agrees to pay a named compensation for the services when the sale is completed, and signs a written contract for the purchase of the property

Brokers, 9 C. J. pp. 587 n. 5, 591 n. 19, 597 n. 36, 624 n. 66; 44 L. R. A. 600; 4 R. C. L. 303. Trial, 26 R. C. L. 1062, *et seq.* Vendor and Purchaser, 39 Cyc. p. 1183 n. 37.

binding on its owner, the employer cannot, by refusing to perform the con-tract, defeat the employee's right to the agreed compensation.

Appeal from Clark district court; KARL MILLER, judge. Opinion filed January 7, 1928. Reversed.

*Robert C. Mayse, Francis C. Price* and *Floyd N. Cossman,* all of Ashland, for the appellant.

*Lloyd A. Rowland* and *James D. Talbott,* both of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover agreed compensation to be paid to him for assisting the defendant in the purchase of certain real property in Clark county. Judgment was rendered in favor of the defendant on his demurrer to the evidence of the plaintiff, who appeals.

The petition alleged that the defendant employed the plaintiff to assist the former in the purchase of a tract of 2,480 acres of land in Clark county from John Simmons at $15 an acre, and agreed to pay the plaintiff for his services the sum of fifty cents an acre; that the plaintiff fully performed the services under his contract with the defendant and arranged for the purchase of the tract for $35,000, and that the defendant refused to pay the plaintiff for such services.

There was evidence which tended to prove the employment as alleged; that the plaintiff and the defendant went to the tract of land and examined it; that the plaintiff with the consent of the defendant went to John Simmons, had a conversation with him concerning the purchase of the land and agreed upon the price to be paid, $35,000, $2,200 less than the defendant was willing to pay; that the plaintiff and the defendant and John Simmons then went to Ashland, where a contract was signed by the defendant and John Simmons for the sale of the land by the latter to the defendant; that at the time the contract was signed John Simmons executed a deed conveying the land to the defendant; that before the contract was signed some differences arose over the initial amounts that were to be paid, because the defendant did not have the necessary amount of money in the bank on which to check; that this matter was adjusted by his stating he would go home and come back with the check the next morning; that the contract and a deed conveying the property to the defendant were deposited in a bank in Ashland, but the preliminary payments were not made; that the next morning the

defendant notified the plaintiff that he would not carry out the contract nor be bound thereby; and that after the refusal of the defendant to carry into execution the terms of the contract, it was rescinded.

1. The plaintiff contends that the demurrer to his evidence should not have been sustained. On an appeal from a judgment in favor of the defendant, rendered on his demurrer to the evidence of the plaintiff, only the evidence favorable to the plaintiff need be considered. (*Wolf v. Washer,* 32 Kan. 533, 4 Pac. 1036; *Farnsworth v. Clarke,* 62 Kan. 264, 62 Pac. 655; *Wehe v. Mood,* 68 Kan. 373, 75 Pac. 476; *Kerr v. Kerr,* 80 Kan. 83, 101 Pac. 647; *Rowan v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008; *First National Bank v. Lovett,* 123 Kan. 405, 407; *Carlisle v. Baker,* 123 Kan. 415, 418.) The plaintiff's evidence established a *prima facie* case and should have been submitted to the jury.

2. It is argued that there was no meeting of the minds of the landowner and the defendant. The answer to that argument is that they signed a written contract for the sale and purchase of the land, the terms of which contract neither of them could dispute in an action between them because there was no evidence to show any fraud or mistake.

3. The defendant contends that the contract between him and the plaintiff was that fifty cents an acre should be paid when the transaction was completed, and that the sale was never completed. The difficulty with this contention is that there was evidence which tended to prove that the sale was not completed because the defendant refused to perform the contract he had signed for the purchase of the land. This court has often said, in substance, that an agent employed to sell real property earns his commission when he procures a purchaser, ready, willing, and able to buy the property on the terms given by the owner, although the owner when the purchaser is produced refuses to sell the land. (*Neiderlander v. Starr,* 50 Kan. 770, 33 Pac. 592; *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116; *Staley v. Hufford,* 73 Kan. 686, 85 Pac. 763; *Johnson v. Huber,* 80 Kan. 591, 103 Pac. 99; *Beougher v. Clark,* 81 Kan. 250, 106 Pac. 39; *Green v. Fist,* 89 Kan. 536, 132 Pac. 179; *Lyman v. Wagner,* 90 Kan. 12, 132 Pac. 988; *Hutton v. Stewart,* 90 Kan. 602, 135 Pac. 681; *Davis v. Roseberry,* 95 Kan. 411, 148 Pac. 629.) Under the rule followed in these cases, the defendant, by refusing to perform the

contract, could not defeat the plaintiff's right to receive the compensation that had been earned by him in negotiating the sale and in securing the signature of John Simmons to a contract, binding on him, agreeing to convey the land to the defendant when he had complied with the terms of the contract.

The judgment is reversed and a new trial is directed.

HARVEY, J., not sitting.