Charles **DITTER**, Plaintiff-Appellee,

v.

**YELLOW CAB COMPANY**,
**Defendant-Appellant.**

**No. 11293.**

United States Court of Appeals,
Seventh Circuit.

April 20, 1955.

Julius Jesmer, Charles D. Snewind, Jesmer & Harris, Chicago, Ill., for appellant.

Peter Fitzpatrick, Frank P. Kronenberg, Louis Dunn, Chicago, Ill., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This case involves a collision between the automobile of the plaintiff, Charles Ditter, and a taxicab of the defendant, the Yellow Cab Company. The collision occurred about 1:00 a. m. in the City of Chicago as both vehicles were being driven in a westerly direction on Jackson Boulevard in the vicinity of Rockwell Street and under or near a railroad viaduct which crossed Jackson Boulevard.

The complaint alleged that the defendant, by its cab driver, was guilty of negligence in that (a) without any warning or signal the cab made a left turn in front of plaintiff's approaching automobile; (b) the cab turned into the path of plaintiff's automobile in such a way as to cause the plaintiff to suddenly apply his brakes so that his automobile swerved out of his traffic lane and struck the curb on the other side of the street; and (c) the cab suddenly and negligently was turned across the plaintiff's path of travel and directly in front of plaintiff's automobile. The defendant filed an answer denying the alleged negligence and also filed a counterclaim alleging negligence on the part of the plaintiff and claiming damages to its taxicab. The jury found for the plaintiff, in the amount of $12,000, and found against the defendant on its counterclaim for damages. Judgment was entered accordingly.

The evidence was conflicting as to the relative positions of the automobile and the cab immediately prior to the

change of direction by the cab, as to whether or not the cab driver gave any hand signal or mechanical signal of his intention to make a left turn, and as to the speed of the two vehicles. There was evidence from which the jury could properly find that the cab was being driven in a westerly direction along the north or right side of the street; that from that position the cab driver suddenly and without any signal or warning made a sharp turn to the left directly into the path of the plaintiff's automobile; that this sudden action by the cab driver, without warning, created an immediate danger of collision which could only be avoided by sudden action by the plaintiff without time to consider various possibilities of how best to avoid the collision; and that this action by the cab driver caused the collision and resulted in the injuries to the plaintiff. The evidence, considered in the light most favorable to the plaintiff and drawing reasonable inferences therefrom, supported the finding that the plaintiff was not guilty of such contributory negligence as to bar his recovery. Therefore, the contentions of the defendant that the plaintiff was guilty of contributory negligence as a matter of law and that the verdict was against the manifest weight of the evidence cannot be sustained.

■ The defendant also contends that the trial court committed prejudicial error in its instructions to the jury. First, the defendant complains of an instruction which told the jury that:

"Although you may believe that the plaintiff drove his automobile on the south half of Jackson Boulevard to go around or pass the cab, that fact alone would not justify you in finding him guilty of such negligence as would bar a recovery in this case unless you believe and find that *such act was one of such negligence that an ordinarily prudent man would not commit and that it was such act that under all the facts and circumstances was a contributing* proximate cause of the accident in question." (Our emphasis.)

The defendant now particularly objects to the injection of the element of due care into this instruction. This instruction, other than the italicized portion, was essentially Instruction No. 19 tendered by the plaintiff. Counsel for the defendant objected to the giving of the instruction as tendered by the plaintiff, saying: "I think No. 19 excuses him from any liability by reason of any violation of this statute. I do not think the law excuses him from any liability." This was not a valid objection. The instruction before it was altered by the trial court merely explained to the jury that plaintiff's action in driving his automobile on the left side of the center line of the street would not bar his recovery unless such action on plaintiff's part was the proximate cause of the collision.

■ As said in Parkin v. Rigdon, 1 Ill.App.2d 586, 593, 118 N.E.2d 342, 346: "Regardless of the particular view taken as to whether the violation of a statute prescribing where a pedestrian shall walk, constitutes negligence itself, prima facie negligence, or merely evidence of negligence, such conduct on the part of the pedestrian will not of itself preclude recovery on the ground of contributory negligence *if the violation of the statute is not the proximate cause of the injury.*" (Our emphasis.)

In Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74, at page 78, an authority cited by the defendant, the court said that the violation of a safety statute constitutes prima facie negligence but that (page 87), "This in itself creates no liability. The injury must have a direct and proximate connection with the violation of the statute before liability will be held to exist."

After Mr. Jesmer, counsel for the defendant, had made objection to Instruction No. 19 as tendered by the plaintiff, the following colloquy occurred between the court and Mr. Jesmer:

"The Court: Gentlemen, I have a notion about this instruction, and I will give it in this manner. Coming down to the next to the last line,

where it says 'unless you believe and find that it was the proximate cause of the injury,' I am striking 'it was the proximate cause of the injury,' and I am putting after the word 'that' language which will make it read as follows, 'unless you believe and find that such act was one of such negligence that an ordinarily prudent man would not commit and that it was such act that was one that under all the facts and circumstances was a contributing proximate cause of the accident in question.'

"I know what you are trying to drive at, that the mere violation of the statute, if it is not—

"Mr. Jesmer: The proximate cause—

"The Court: —the proximate cause.

"Mr. Jesmer: That is right.

"The Court: That is what you are driving at. You are entitled to that, but I believe the jury should also be told that that act should be one that an ordinarily prudent man would not commit."

We find here no objection by the defendant to the instruction as amended by the court and as given.

■ Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

" * * * No party may assign as error the giving * * * [of] an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * "

This Rule is strictly enforced by the courts. Allen v. Nelson Dodd Produce Co., 10 Cir., 207 F.2d 296, 297; Lang v. Rogney, 8 Cir., 201 F.2d 88, 98.

■ The record in this case shows that the jury was instructed and retired to consider its verdict on March 24, 1954. The defendant in its brief in support of its motion for a new trial, filed May 25, 1954, for the first time objected to the element of due care inserted in this instruction by the trial court and also then, for the first time, contended that this instruction selected one item of the evidence and informed the jury that that fact alone did not constitute negligence. Both of these objections came too late to be considered on this appeal.

The defendant also complains of the instruction which stated:

"The court instructs the jury that the plaintiff, in driving the automobile in question, was not required to exercise the highest degree of care to avoid a collision with defendant's motor vehicle, upon the occasion in question, but was only required to exercise ordinary care, and if you believe from a preponderance of the evidence in this case, under the instructions of the court, that as the automobile approached the place of the accident, it was being operated by the plaintiff with ordinary care, and that the driver of the automobile in question, in the exercise of ordinary care, did all he could to avoid the accident in question, as soon as it was apparent or ascertainable to him, in the exercise of ordinary care, that the defendant's cab was moving into a position where there was danger of a collision, then the plaintiff was in the exercise of all the care the law required of him, and if you find from a preponderance of the evidence that the plaintiff did exercise such care for his own safety and for the safety of others both before and at the time of the injury, and if you further find that the defendant was guilty of negligence, which was the proximate cause of the injury, as charged in the complaint and explained in the instructions given in this cause, then you should find the defendant guilty."

■ The defendant's first objection to this instruction is the statement therein that the plaintiff was not required to exercise the highest degree of care to avoid the collision but was only required

to use ordinary care. The defendant insists that the use of such comparative descriptive terms tends to minimize the obligation of care required of the plaintiff, and that there was no issue as to highest degree of care in this case. But, as the plaintiff points out, the defendant requested, and the court gave a similar instruction stating that the cab driver was not required to exercise the highest degree of care.

■. The defendant says that the most serious error in this instruction, however, is that part which informed the jury that if the plaintiff did all he could as soon as it was apparent or ascertainable to him that the cab was moving into a position where there was danger of a collision, then the plaintiff was in the exercise of all the care the law required of him. The defendant insists that the question was not whether the plaintiff did all he could to avoid the accident but was whether the plaintiff did what an ordinarily prudent person would have done under the same or similar circumstances. We agree that the true test of negligence or contributory negligence is what the ordinarily prudent person would have done under the same or similar circumstances, but we think this instruction told the jury just that. The instruction to find the defendant guilty was conditioned on findings by the jury " * * * from a preponderance of the evidence in this case, under the instructions of the court, that as the automobile approached the place of the accident, it was being operated by the plaintiff with ordinary care, and that the driver of the automobile * * * in the exercise of ordinary care, did all he could to avoid the accident * * * as soon as it was apparent or ascertainable to him, in the exercise of ordinary care, that the defendant's cab was moving into a position where there was danger of a collision * * *." (Our emphasis.)

The defendant bases this attack on this instruction on Cohen v. Weinstein, 231 Ill.App. 84, 101, in which that court held improper a peremptory instruction to find for the defendant without including in the instruction all of the elements which the jury should consider in arriving at such a verdict. The following language from that case, 231 Ill.App. at pages 102–103, differentiates that instruction from the one we are here considering: "The instruction is a peremptory instruction and should contain all of the elements necessary for the jury to consider in arriving at the verdict. Hunter v. Gates, supra [227 Ill.App. 105]. The question of negligence on the part of the appellee is excluded from the following clause of the instruction: 'so suddenly that the defendant had no notice of any danger and so that it was impossible for the defendant to avoid striking plaintiff after seeing her.' The question is whether appellee was negligent or whether he exercised due care in the circumstances. He may not have noticed any danger for the reason that he may not have used due care and diligence. The clause, 'so that it was impossible for the defendant to avoid striking her,' also excludes the idea of due care. Why may it have been 'impossible?' Would it have been 'impossible' even though he had used due care? * * *"

■ In the instant case the element of ordinary care was in the form of a qualifying clause as to plaintiff's approach to the scene of the accident, as to his doing all that he could to avoid the accident, and as to its being apparent or ascertainable to him that there was danger of a collision. A similar instruction was approved in Fredericks v. Chicago Railways Co., 208 Ill.App. 172, 175–176.

■ The defendant earnestly contends that the trial court committed prejudicial error by permitting a police officer, Thomas Cahill, to testify, over the defendant's objection, that it was illegal to make a U-turn at the scene of the accident. The defendant insists that there was no question of a U-turn in this case and that a left turn into the alley intersecting the street at that point was legal. Cahill also testified that a left turn by an automobile into the alley could not legally be commenced until the automobile had reached the line of the

intersecting alley. Here again the evidence was conflicting as to the exact point at which the cab started to change the direction of its travel and as to the exact point of the collision. Police Officer Cahill, who investigated the scene of the accident, testified that there was debris, indicating the point of the collision, under the railroad viaduct, the west side of which viaduct was east of the line of the intersecting alley into which the cab driver claimed that he intended to drive his cab. The passenger of the cab walked with crutches, and evidence indicated that the house was more easily accessible from the front than from the alley. Thus, the jury might justifiably have inferred that the cab had started to make a U-turn for the purpose of discharging its passenger at the curb instead of pulling into the steep alley to discharge him. We therefore find no prejudicial error in the court's permitting Cahill to testify that a U-turn was illegal at that point.

After both sides had rested and the jury had been told that all the evidence was in, the court excused the jury until the afternoon of the following day in order that the court and counsel might discuss the instructions to be given. Counsel for the defendant on the following day moved to reopen the case apparently for the purpose of reading to the jury testimony given in a pretrial deposition of one of the plaintiff's witnesses, Nick Voleta, which testimony counsel for the defendant claimed impeached the testimony this witness had given in the trial. The defendant claims that the denial of this motion was prejudicial error.

Much of the deposition in question was actually read to the jury by the defendant's counsel during his cross-examination of Voleta. Counsel says that he intended to read additional parts of the deposition during his presentation of defendant's case but "inadvertently" closed his case without doing so.

It is clear that the granting of such a motion to reopen the case for the introduction of further testimony is within the discretion of the trial judge and will be reviewed only for abuse. Gardner v. United States, 9 Cir., 71 F.2d 63. It is apparent from the record here that the trial judge did not abuse his discretion in denying the motion. The reopening of the case would have been apt to confuse the jury and to have caused the jury to give undue weight to the additional testimony.

Finding no reversible error, the judgment of the District Court is

Affirmed.