Fred SWARTZ, Plaintiff-Appellant,

v.

NEW YORK CENTRAL RAILROAD
COMPANY, Defendant-Appellee.

No. 14105.

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1963.

Kiley, Circuit Judge, dissented.

David L. Matthews, South Bend, Ind.,
for appellant.

Louis C. Chapleau, South Bend, Ind.,
Richard O. Olson, Chicago, Ill., Arthur
J. Perry, South Bend, Ind., for appellee.

Before HASTINGS, Chief Judge, and
KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiff-appellant, Fred Swartz, brought this action against defendant-appellee, New York Central Railroad Company, for damages under the Federal Employers' Liability Act. His claim is based upon an injury to his knee he received on November 22, 1956, while employed by the railroad as a supervisor in the train yard at Elkhart, Indiana. He claims the railroad was negligent in failing to exercise reasonable care to provide him a safe place to work.

At the conclusion of plaintiff's evidence, the trial judge granted the railroad's motion for a directed verdict and entered judgment for defendant. The main question raised on this appeal is whether the trial judge erred in directing the verdict.

On the morning of November 22, 1956, plaintiff was told by his supervisor, Harlan Wingeart, the general car foreman, that a chain was needed to lift one of the cars from a train arriving at the yard. Wingeart requested plaintiff to bring the chain to Wingeart's car, saying that he would give Swartz a ride to the area where the chain was needed. Wingeart then left for his car, which

was parked in a lot located in the railroad yard.

Plaintiff picked up the chain at the railroad blacksmith's shop and proceeded to the parking lot, where he approached the rear of Wingeart's car. He turned and walked backward to place the chain in the open trunk of the car. In doing so, he hit his knee against the bumper of the car and fell. He got up and entered the car. He told Wingeart that he had bumped the side of his leg or knee and it "stung" him.

The parking lot measured approximately sixty by eighty feet. The Wingeart car was parked about fifteen feet from the edge of the parking lot where there was a four-foot embankment to a railroad track. There was a slope of eight inches from one end of the lot to the other. Except for this gradual slope, the area where the car was standing was practically level.

The blacksmith's shop was about two hundred feet from where the car was parked. Plaintiff, after picking up the chain, walked along the railroad track to the edge of the parking lot, down the embankment, on to the parking lot to the car, at which point his injury occurred.

There is evidence that although the spaces between the ties on the track had at one time been filled with crushed stone, the surface was now hard and covered in places with cinders and oil.

There is no evidence that there was oil on the bottom of plaintiff's shoes as the result of his walking on the ties. He neither slipped nor fell on the four-foot embankment. In fact, there is no evidence that he fell at any time until after he had hit his knee on the car bumper. Although there is evidence that there were water or "chuck" holes in the parking lot, there is no evidence that there were any holes in the vicinity where plaintiff was hurt. Furthermore, there is no evidence that a two-inch accumulation of freshly fallen snow on the parking lot created a dangerous condition.

■ In the light of the evidence, we fail to see any basis on which a jury might have found negligence had the trial judge permitted the case to go forward.

■ We are mindful that even though there is only slight evidence of negligence in a Federal Employers' Liability Act case, the case must be submitted to a jury. Some evidence, nonetheless, of failure to exercise reasonable care, direct or inferential, must be adduced; otherwise, speculation would be substituted for probative facts and reasonable inferences drawn from those facts.

■ The record here is devoid of any evidence of negligence on the part of the railroad. Consequently, the trial judge correctly granted the motion for a directed verdict. Milom v. New York Central Railroad Co., 248 F.2d 52 (7th Cir. 1957), cert. denied, 355 U.S. 953, 78 S.Ct. 537, 2 L.Ed.2d 529 (1958).

■ Plaintiff asked to reopen his case after having rested and after the trial judge had indicated that the motion for directed verdict would be granted. When plaintiff's counsel was asked by the court as to what evidence could be produced if the case were reopened, counsel stated, "More specific evidence of the slip and fall. I don't know exactly what it would be myself. I don't know what the witness had testified to." Under these circumstances, we do not believe the trial judge abused his discretion in refusing plaintiff's request to submit further evidence. Ditter v. Yellow Cab Co., 221 F.2d 894 (7th Cir. 1955).

The judgment is affirmed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent.

The most favorable evidence for plaintiff was that while putting the chain in his superior's automobile he "slipped" and in falling bumped his knee. There was evidence from which the jury could have reasonably inferred that the automobile was backed up to the incline (or "embankment") from the railroad tracks and down which plaintiff carried the twenty-five pound chain; and that while standing on the incline and putting the

chain in the car he slipped because of the snow and oil on his shoes, fell and was injured. His superior knew of the weight of the chain, the snowy slope, the oily bed through which plaintiff would cross following him, and with this knowledge backed his car up to the slope. With all of this knowledge, reasonable minds could differ on whether defendant, through plaintiff's superior, had furnished a safe place for plaintiff's work of putting the chain in the automobile.

The colloquy between court and counsel prior to the direction of verdict discloses differences of opinions about what the evidence showed and opposite inferences drawn from those different views.

I think under the Supreme Court's liberal interpretation of the Federal Employers' Liability Act there was sufficient favorable evidence, with favorable inferences, to take this case to the jury.