F. A. BROWNSON v. JOSEPH PERRY *et al.*

No. 14,168.   (81 Pac. 197.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Sale of Land.*  A written instrument certifying that the owner of a tract of land has agreed to convey it to a person named for a stipulated price, and containing a statement that "it is further noted" that such person is to pay such price, the time of conveyance and payment being fixed, when properly executed constitutes a mutually binding contract for the sale and purchase of such land.

2. —— *Acceptance by Purchaser—Omission to Sign.*  Where the person named in such a contract as the purchaser accepts and acts upon it this is equivalent to its execution by him, and his omission to sign it is immaterial.

3. —— *Demurrer Improperly Sustained.*  The record examined and held not to justify the sustaining of a demurrer to the evidence.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.  Opinion filed June 10, 1905.  Reversed.

*S. M. Porter, J. R. Charlton,* and *John J. Jones,* for plaintiff in error.

*W. S. Fitzpatrick,* and *J. B. Ziegler,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: F. A. Brownson brought a suit against Joseph Perry to compel the specific performance of a contract for the conveyance to him of a tract of land, joining as defendants Perry's wife and M. L. Lockwood, to whom Perry had made a deed subsequent to the contract. A demurrer was sustained to the evidence of plaintiff, who now prosecutes error. Two questions are presented—whether the evidence tended to show that an enforceable contract was executed, and, if so, whether it conclusively appeared that the plaintiff by his conduct had lost the right to enforce it.

The contract relied upon by the plaintiff was evidenced by a written instrument in the form of a certificate, preceded by the salutation: "To whom it may concern, greeting." It was signed by Perry and his wife, and stated that they had sold the land to Brownson for $2200, of which $10 had been paid. The objection made to it by the defendants is that it was unilateral —that while it purported to obligate the Perrys to sell the land it imposed no obligation upon Brownson to buy it. In support of this objection attention is called to the somewhat unusual form of the contract, and to the fact that it was not signed by Brownson. The omission of Brownson to sign the contract was unimportant, for it was shown that he accepted it, acted upon it, and placed it upon record. (*Schmucker v. Sibert,* 18 Kan. 104, 26 Am. Rep. 765; 9 Cyc. 300.) The contract, after reciting the existence of certain liens which were to be deducted from the purchase-price, proceeded:

"It is further noted that the said Joseph and Maggie Perry will execute the deed above noted within five days from the date hereof, and that the said F. A. Brownson will pay the money, whatever is due, to the said Joseph Perry and Maggie Perry within the five

days above named, or as soon thereafter as said title can be perfected, should it be necessary to perfect the title to the property herein described."

The acceptance by Brownson of such a contract, in which it was "noted" that he was to pay the purchase-price, amounted to a specific agreement on his part to buy the land upon the terms stated.

Evidence was introduced tending to show that before this contract was made Perry had executed what is designated as a gas lease upon the land, the existence of which was known to Brownson; that for some reason, not fully explained, this lease was believed by both Brownson and Perry to be invalid; that negotiations were had between Perry and the lessee, and between Perry and Brownson, with regard to clearing the record of the lease, either by purchasing a release or by bringing an action to set it aside; that these negotiations came to no definite conclusion, various propositions being made and refused; that for a period of three or four months matters remained in this condition, without further action being taken or attempted; that Perry then sold the property at an advanced price to Lockwood, and Brownson himself procured a release of the gas lease, offered to pay Perry the full purchase-price agreed upon, and demanded a deed to the land.

The evidence, only the general trend of which is attempted to be here indicated, seems sufficient to have justified a finding upon a full submission that the plaintiff had forfeited his claim to equitable relief by his own delay to act, or that his conduct was tantamount to a definite and final refusal to accept the only title that the defendant was able to give him, and, within the rule stated in *Riley v. Allen, post*, precluded him from maintaining a suit for specific performance; but it cannot be said as a matter of law that it warranted no other conclusion. Therefore it was error to

sustain the demurrer, the ordinary rule not being affected by the fact that the case was tried without a jury. (*Farnsworth v. Clarke,* 62 Kan. 264, 62 Pac. 655.)

The judgment is reversed, and a new trial ordered. All the Justices concurring.