## U. G. RILEY V. ROZENAH ALLEN.

No. 14,195.    (81 Pac. 186.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Findings of Fact.* A finding of fact that is not specifically attacked in this court will ordinarily be assumed to be correct, although exception was taken to it in the trial court.

2. CONTRACTS—*Refusal to Accept Defective Title—Estoppel.* Where a contract is made for the conveyance of a tract of land, and it develops that the title is defective, an unconditional and final refusal by the purchaser with a full knowledge of the facts to accept the only title the seller is able to convey will preclude him from afterward maintaining a suit for the specific performance of the contract.

Error from Smith district court; RICHARD M. PICKLER, judge. Opinion filed June 10, 1905. Affirmed.

*C. V. Eberstein,* and *Mahin & Mahin,* for plaintiff in error.

*J. T. Reed,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:   U. G. Riley brought a suit against Rozenah Allen to compel the specific performance of a contract to convey to him a tract of land owned by her. He was denied relief and prosecutes error. The pleadings and evidence show that negotiations were had between the plaintiff and the defendant with regard to the property, which plaintiff claims resulted in a valid contract for the conveyance to him of a perfect title thereto for $2000; that a warranty deed to the land, in the usual form, containing no exception or reservation, was sent by the defendant to a bank to be delivered to the plaintiff upon the payment by him of the purchase-price; that a tenant was then in possession of the land under a valid lease for the ensuing season, which had been entered into before the negotiations for the pur-

40—71 KAN.

chase of the land were begun. Among other findings of fact the court made the following:

"The court finds that the plaintiff was in full possession of all the facts while the deed was yet at the bank, and with such knowledge refused to accept the deed because of the fact that he had found there was a renter on the place, and that afterward, after she [the defendant] had taken the deed from the bank, under the belief that he would not pay the $2000 so long as the renter was on the place, he, after the deed had been taken away, reconsidered the matter, went to the bank, and made the alleged tender."

The tender referred to was an offer to pay the full amount of the purchase-price in exchange for the deed. A motion for a new trial was filed, setting out among other grounds that the findings were not supported by the evidence, and the plaintiff in error in the statement of the case in his brief asserts that some of the findings were of that character, adding:

"We will discuss the erroneous findings under the argument in this brief, and point out to the court wherein we think the findings were not supported by the evidence."

In the assignments of error two findings are specifically challenged, neither of them being the one above quoted. Nowhere in the brief is an attack made upon the correctness of this particular finding. Under these circumstances it must be accepted as true. So accepted, and considered in connection with the undisputed facts, it requires an affirmance of the judgment. No question is raised as to the good faith of the lease, nor is there anything in the record to suggest that the defendant could by any means within her power have induced or compelled the tenant to forego his rights under it. The defendant, therefore, was unable to give to the plaintiff immediate possession or to convey to him title to the land otherwise than in subjection to the rights of the tenant under the lease.

Assuming that a valid contract had been made for

the conveyance of the land, without reservation, the plaintiff doubtless had a right to accept the deed and look to the defendant upon her warranty for compensation for any loss he might sustain through not being able to obtain immediate possession, or he might have demanded an abatement in the purchase-price in an amount suitable for that purpose; but he also had a right to refuse to make the purchase at all, owing to the defendant's inability to carry out her part of the contract.   In refusing with a full knowledge of the facts to accept the only title it was possible for the defendant to convey he in effect elected to avail himself of the right to decline to carry out the agreement, and thereby abandoned the right to require such performance as the defendant was able to make, with compensation, and could not be restored to it by a change of policy, made upon reconsideration of the matter after the deed had been withdrawn from the bank. A mere delay for a reasonable time to complete the transaction pending negotiations for an adjustment of the difference that had arisen would not have had this effect, but the finding of the court means more than that.   It fairly implies a definite and final refusal on the part of the plaintiff to accept anything less than the very thing contracted for—a full and absolute title.   That this interpretation does no injustice to the plaintiff is further shown by this language, used in his own brief:

"The most that can be said under the evidence is that plaintiff refused to accept a modification of the contract by making it subject to the rights of the tenant in possession.   He was ready and willing at all times to carry out the original contract in every detail, and because he refused to take the land encumbered by the lease the court seemed to think he had rescinded the contract as made."

The court had no power to make an effectual decree for the conveyance of the title contracted for by the plaintiff, and therefore properly refused to do so.

(26 A. & E. Encycl. of L. 40; *Peters v. Van Horn*, 37 Wash. 550, 79 Pac. 1110.) The plaintiff by his prior conduct was estopped to demand a modified performance of the contract. (*Milmoe v. Murphy*, 65 N. J. Eq. 767, 56 Atl. 292.) These considerations require an affirmance of the judgment, and render it unnecessary to discuss the assignments of error in detail. No question has been presented regarding the right of plaintiff to recover damages.

The judgment is affirmed.

All the Justices concurring.