ANDREW M. HUTTON et al., Partners, etc., *Appellees*, v. JOHN L. STEWART, *Appellant*.

No. 18,424.

SYLLABUS BY THE COURT.

1. REAL-ESTATE BROKER — *Purchaser Produced—Contract Made —Commission Earned.* Ordinarily a real-estate broker has earned his commission when he has produced a customer with whom his principal enters into an enforceable contract for the sale of the land, although the title does not actually pass. After the principal has entered into such a contract, not being induced thereto by any deceit on the part of the broker, he can not avoid liability for a commission by showing the inability of the buyer to carry out his agreement.

2. ———— *Exchange of Lands—Contract for Commission from Both Parties.* Under a contract for the exchange of lands, which provides that each party shall pay a broker's commission of a stated amount, and that the right to the commission shall not be affected by any failure of the parties to perform their respective parts, neither party can be relieved of liability to the broker by any default of the other.

3. ———— *Contract Made for Benefit of Third Party — Third Party May Enforce it.* A broker who is described in such a contract as a party to it may invoke the benefit of its provisions, although he has not signed it.

4. APPEAL—*No Pleadings Filed by Defendant—Judgment on Preliminary Statements—Warranted.* In an action begun originally in a city court, and brought to the district court by appeal, where no pleading has been filed by the defendant, if the preliminary statements of counsel disclose that there

is no substantial controversy concerning the actual facts, and that the rights of the parties depend upon the effect to be given to a written contract, the court is justified in rendering judgment thereon.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed October 11, 1913. Affirmed.

*Richard E. Bird,* of Wichita, for the appellant.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MASON, J.: Hutton & Fisher sued John Stewart in the city court of Wichita for a real-estate commission. The case was taken to the district court on appeal. The only pleading filed was the plaintiffs' bill of particulars, which set out their claim in detail. When the case was called for trial a preliminary statement was made in behalf of each party. The court rendered judgment for the plaintiffs upon their pleading and the opening statements. The defendant appeals.

The uncontroverted facts show that through the agency of the plaintiffs the defendant and one P. J. Harmon, on June 28, 1911, entered into a written contract for the exchange of properties, which contained a provision that each was to pay the plaintiffs one-half of a stated amount, which is admitted to have been the usual commission. The reason assigned by the defendant for refusing to pay the plaintiffs' claim is that Harmon failed to carry out his agreement, causing the trade to fall through; that Harmon was to have furnished an abstract of title in ten days, and a deed by July 10, but did neither; that Stewart waited until July 17, and then, becoming convinced that Harmon could not or would not perform his part, called for the return of his own deed, which had been deposited with the plaintiffs.

We think the trial court correctly ruled that the plaintiffs were. entitled to their commission, notwithstanding any default of Harmon. The contract was valid and binding. Stewart could have maintained an action on it for specific performance or for damages. If Harmon proved to be unable to perform and to be financially irresponsible, this did not affect the plaintiffs' right to a commission (unless they had made some misrepresentation on the subject, which is not charged), inasmuch as Stewart had accepted him as a purchaser by entering into a contract with him. (*Lyman v. Wagner,* ante, p. 12, 132 Pac. 988, and cases there cited; Note, 20 L. R. A., n. s., 1168; Note, 11 A. & E. Ann. Cas. 786; *Nagl v. Small,* [Iowa, 1912] 138 N. W. 849.)

"When the broker produces a purchaser who is ready and willing to enter into a contract, it is for the principal to decide whether the person presented is acceptable, and the broker's position [commission?] depends upon such acceptance; but if the principal does accept him, either upon the original or modified terms, and a valid contract is entered into, he becomes a purchaser within the meaning of the contract of the broker, and the duties of the latter are at an end, and the commissions are earned as soon as an enforceable contract is executed." (Note, 44 L. R. A. 593, 616.)

The appellant cites two Kansas cases as holding to the contrary—*Stewart v. Fowler,* 37 Kan. 677, 15 Pac. 918, and *Betz v. Land Co.,* 46 Kan. 45, 26 Pac. 456. The former turned upon the special terms of the contract with the agent. In the latter the solvency of the buyer was treated as an issue after a contract for a sale had been executed, but the exact question here presented was not discussed. The distinction between an enforceable executory contract for the sale of land and a contract by which a sale is actually made, the title passing and the seller retaining a lien for deferred payments, is not sufficient to affect the broker's right to a commission in such a case as the present.

The judgment seems clearly warranted upon the

ground already stated. But it is further supported by the fact that the contract contained a specific provision that the right of the plaintiffs to the commission should not be affected by any failure of the parties to perform their respective parts. The defendant maintains that this means merely that neither party could avoid paying his share of the commission by reason of his own default. We think, however, that the fair construction is that the commission was fully earned when the contract was executed. It is also urged that the plaintiffs can not invoke the benefit of this provision, because they did not sign the agreement. They were named therein as parties; the provisions relating to them were purely for their benefit, indicating that their obligation had been performed; they have adopted the contract, and their omission to sign it is not important. (*Brownson v. Perry*, 71 Kan. 578, 81 Pac. 197; *Sentney v. Interurban Railway Co.*, post, p. 610.)

It is contended by the appellant that the final rights of the parties ought not to have been determined upon the motion for judgment upon the pleading and the opening statements, and *Glenn v. Railway Co.*, 87 Kan. 391, 124 Pac. 420, is cited in support of the contention. Here no pleading on the part of the defendant was required. When the statement of his attorney was completed the whole scope of the controversy was apparent. It was clear that there was no material dispute over the facts, and that the case turned upon the effect of the written contract. No good purpose could have been served by taking testimony, and the court was justified in bringing the proceedings to a close.

The judgment is affirmed.