No. 43,741

John Aguras, *Appellant* and *Cross-Appellee*, v. (Lease Trucks, Inc., Farmers Cooperative Marketing Association, Imperial Casualty and Fidelity Company of Omaha, Nebraska, a/k/a Imperial Casualty and Indemnity Company), *Defendants;* International Harvester Company, *Appellee* and *Cross-Appellant.*

(394 P. 2d 85)

Opinion filed July 14, 1964.

*Harold F. Crowther,* of Salina, argued the cause, and was on the briefs for appellant.

*Gerald Sawatzky,* of Wichita, argued the cause, and *Roger H. Morse,* of Marion, *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout,* and *Ronald K. Badger,* all of Wichita, were with him on the briefs for the cross-appellant.

The opinion of the court was delivered by

Wertz, J.: Plaintiff John Aguras, appellant, brought this action against defendants Lease Trucks, Inc., Farmers Cooperative Marketing Association, and Imperial Casualty and Fidelity Company of Omaha, Nebraska, also known as Imperial Casualty and Indemnity Company (not involved in this appeal), and International Harvester Company, appellee and cross-appellant, to recover damages for personal injuries sustained by him while driving a truck

owned by his employer and manufactured by International Harvester Company, hereinafter referred to as International.

Plaintiff, after filing his original and amended petition, filed his second amended petition which in pertinent part alleged that he was employed by Farmers Cooperative Marketing Association as a truck driver; that the company owned an International Harvester Company truck-tractor and Fruehauf refrigerator trailer engaged in hauling freight between Sioux City, Iowa, and Enid, Oklahoma; that plaintiff left Sioux City to deliver freight to Enid; that he delivered the freight and was returning from Enid to Sioux City, driving the truck-tractor with trailer attached, when suddenly and without any warning the air went off on the whole unit, a buzzer came on, plaintiff was unable to control the equipment, and by reason thereof the truck left the highway, ran into a ditch, turned over in an adjoining field and plaintiff was severely injured.

Plaintiff further alleged he did not know what went wrong with the truck-tractor to cause the mechanical equipment failure which, in turn, was the direct and proximate cause of the accident and his resulting injuries.

The plaintiff, insofar as International is concerned, alleged the truck-tractor was purchased from International and that failure of the equipment to properly perform was due to certain specified defects due to International's manufacturing of the equipment; that the check valves on the brake system were defective; that the emergency breakaway valve or brake system was defective; that the wiring was defective; that the copper lines crystalized; and that the fan and the fan belt were defective.

Plaintiff sought to recover actual and punitive damages against International by reason of its being the manufacturer of the alleged defective equipment. International demurred to plaintiff's petition on the ground the petition failed to state facts sufficient to constitute a cause of action against it and, therefore, was entitled to judgment as a matter of law against the plaintiff, dismissing International from the action.

On September 4, 1962, after arguments were presented by the respective parties, the trial court made the following order:

"IT IS THEREFORE ORDERED that the demurrer of defendant International Harvester Company to plaintiff's second amended petition should be, and it is hereby, sustained; and final judgment is hereby rendered for such defendant and against plaintiff."

At no time either immediately prior or subsequent to the trial court's entering judgment in favor of International did the plaintiff ask or seek permission of the court to file an amended petition in the action, nor did plaintiff at any time seek to set aside this judgment or appeal therefrom. Nevertheless, the plaintiff filed a third amended petition and caused summons to be issued against International. In this petition the major change was the dropping of all allegations of breach of warranty against International, as well as alleged willful misconduct against it. International filed a motion to strike this petition for the reason that final judgment had been entered in International's favor on the second amended petition and that the attempted cause of action was barred by reason of the aforementioned judgment. The plaintiff then filed a fourth and a fifth amended petition amplifying the allegations previously alleged to which International again filed a motion to strike for the same reasons as those previously stated, and also a demurrer to the fifth amended petition. The trial court overruled International's motion to strike the third, fourth and fifth amended petitions but sustained International's demurrer to the fifth amended petition.

Plaintiff appeals from the trial court's order sustaining the demurrer to the fifth amended petition and International cross-appeals from the order of the trial court overruling International's motion to strike plaintiff's third, fourth and fifth amended petitions.

The determinative question in this case is whether or not the trial court's judgment of September 4, 1962, as previously set out, with no appeal being taken therefrom, bars plaintiff from filing a new action, or a new petition in the same action, against International to recover damages growing out of the same or amplified facts or transaction.

It has been a long-standing rule in this state that where a demurrer is sustained to a petition and the plaintiff stands on that ruling and does not avail himself of the right to amend, and judgment is entered thereon, such judgment is upon the merits and such facts cannot be relitigated between the same parties in any court. (*Shelley v. Sentinel Life Ins. Co.*, 146 Kan. 227, 232, 69 P. 2d 737; *McLaughlin v. Doane*, 40 Kan. 392, 19 Pac. 853.) Moreover, the doctrine of *res adjudicata* not only prevents the relitigation of the same matters the second time but equally applies to bar the litigation of all matters in a second suit which could have been litigated

under the facts constituting the cause of action in the first suit. (*Stimec v. Verderber,* 152 Kan. 582, 106 P. 2d 708.)

Another well-settled rule is that a judgment of a court of competent jurisdiction, even though erroneous, when not corrected by appeal or supplemental proceedings, is *res adjudicata.* (*In re Estate of Bourke,* 159 Kan. 553, 156 P. 2d 501, 157 A. L. R. 1107.)

In *Deinlein v. Pace,* 163 Kan. 752, 753, 186 P. 2d 231, this court stated:

"Counsel for appellant argue in affect that when the court sustained the demurrer to the third amended petition and fixed a time within which plaintiff might file an amended petition or elect to stand on the third amended petition, and plaintiff did not file an amended petition within the time fixed by the court, or even ask for an extension of the time, and did not appeal from the judgment of the court, the judgment of the court sustaining the demurrer became final. The point is well taken. . . ."

This rule was applied even though no final judgment had been entered in favor of the defendant and against the plaintiff on the order sustaining the demurrer. In the instant case, International's demurrer to plaintiff's second amnded petition was sustained and judgment entered thereon in favor of International and against plaintiff. The judgment was not set aside or appealed from by plaintiff, and the time for appealing has long since expired. Therefore, we are of the opinion the trial court's order of September 4, 1962, was a complete and final adjudication of the action on its merits, thus rendering the filing of the third, fourth and fifth amended petitions ineffective, and that the court erred in not sustaining International's motions to strike plaintiff's third, fourth and fifth amended petitions.

In view of what has been said, it is unnecessary to treat the questions raised on plaintiff's appeal. The judgment of the trial court is reversed as to the cross-appeal and the case is remanded with instructions to sustain International's motions to strike the third, fourth and fifth amended petitions from the record in the case.

It is so ordered.