No. 44,462

J. B. Storey, *Appellant,* v. Roland W. Preboth and Preboth Investment, Inc., *Appellees.*

(415 P. 2d 287)

Opinion filed June 11, 1966.

*Tom Cunningham,* of Wichita, argued the cause and was on the brief for the appellant.

*Harry Robbins, Jr.,* of Wichita, argued the cause, and *Lyndon Gamelson* and *Donald C. Tinker,* both of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

Price, C. J.: This was an action for specific performance and to quiet title. Judgment was in favor of defendants and plaintiff has appealed.

In September, 1963, defendant Roland W. Preboth and his wife Allene were divorced. By the decree she was awarded the property in question. Roland, and defendant Preboth Investments, Inc.—hereafter referred to as the company, and of which he was president—were ordered to execute quit claim deeds to her.

On October 30, 1963, Allene and plaintiff Storey entered into a real estate purchase contract whereby Storey agreed to purchase from her the property in question. Time was of the essence, and the contract was to be consummated on or before November 25, 1963.

On November 11, 1963, Storey's attorney rendered a title opinion containing a number of requirements—one of which was that the company execute a warranty deed to Allene.

On December 9, 1963, in compliance with the divorce decree, Roland and the company executed quit claim deeds to Allene and delivered them to her attorney the next day.

On December 17, 1963, Roland and the company were served with summons in a foreclosure suit brought by the mortgagee of the property.

On December 27, 1963 Allene executed a general warranty deed to Storey and his wife and delivered it to the realtor handling the sale.

On January 4, 1964 the realtor secured from Allene's attorney the quit claim deeds previously executed by Roland and the company.

The realtor was in daily contact with Storey and he had been instructed by Allene to accept Storey's money and to deliver her warranty deed to him, but he did not do so. Storey had knowledge of his attorney's title requirements but more or less left the matter up to the realtor and his, Storey's, attorney. It appears that the realtor made every effort to comply with the title requirements.

On January 21, 1964 Allene called Roland on the telephone from the realtor's office and told him that she had been trying to close the deal with Storey, but so far had been unable to do so. She explained that one title requirement had not been satisfied—that is, the obtaining of a warranty deed from the company, and she also mentioned that the foreclosure action had not been settled or satisfied. She asked Roland if he would cooperate, and he said that the company could not execute a warranty deed because of the pendency of the foreclosure action and other law suits.

Allene talked to Roland again the next day and told him that "the deal was dead—that she couldn't get them to close it and that there was nothing more she could do, and that if he, Roland, wanted the property—he could have it." The company subsequently purchased the property and in doing so paid $972.42 to Allene, assumed the mortgage covering it, and brought the mortgage payments down to date.

On April 14, 1964 Storey commenced this action against Roland and the company, alleging that at the time Allene conveyed the property to the company Roland knew of the contract between Allene and Storey, and that the conveyance to the company was without consideration and was made for the sole purpose of defeating Storey's rights. The prayer of the petition was that Roland and the company be ordered to convey their interests in the property to Storey and that his title be quieted as against them.

The answer contained a general denial and alleged that the company paid a valuable consideration to Allene; that Storey had refused to accept the title tendered by Allene; that Storey's rejection of Allene's title terminated the purchase contract between them, and that Storey's remedy, if any, was not against Roland and the company.

Following a trial of the matter the court made findings of fact to the effect that by the terms of the contract between Allene and Storey time was of the essence and that it was to be consummated on or before November 25, 1963; that additional time was needed until January 4, 1964 when all the necessary deeds were in the hands of the realtor—but that nothing was done; that Storey never did accept the title offered by Allene; that Storey was aware of the foreclosure action; that the contract in question expired under its own terms on January 4, 1964 when all necessary title instruments were in the hands of the realtor; that the subsequent purchase of the property by Roland on behalf of the company was in good faith and for a valuable consideration, and that the $500.00 earnest money in the hands of the realtor should be returned to Storey.

As a conclusion of law the court held that as Storey had rejected the title of Allene he could not sue Roland and the company for specific performance of the contract, and judgment generally was entered in their favor.

Plaintiff Storey contends the court's findings are not supported by the evidence and attempts to invoke the rule that a contract purchaser has an interest in the property which may not be defeated by a conveyance to one having knowledge of the prior agreement (*Leinbach v. Dyatt,* 112 Kan. 782, 212 Pac. 894).

Defendants, on the other hand, contend that Storey rejected the only title that Allene was able to give and therefore is estopped from maintaining an action for specific performance of the contract (*Riley v. Allen,* 71 Kan. 625, 627, 81 Pac. 186, *Brownson v. Perry,* 71 Kan. 578, 580, 81 Pac. 197), and particularly against them.

Without detailing the matter further—the trial court's findings are supported by the evidence and they in turn support the judgment rendered. We find nothing wrong with the disposition made of this case and the judgment is affirmed.