No. 45,138

In the Matter of the Estate of M. E. Mullin, Deceased.

(443 P. 2d 331)

Opinion filed July 13, 1968.

*Harry A. Waite,* of Dodge City, argued the cause, and *E. C. Minner,* of Dodge City, was with him on the brief for the appellants, Frederick W. Mullin, Jr., Patricia Rose Mullin and B. F. Zimmerman.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *Lee Turner* and *Max E. Eberhart,* of Great Bend, were with him on the brief for the appellee, Lula Mullin.

The opinion of the court was delivered by

O'CONNOR, J.: This is a proceeding to establish a purported claim against the estate of M. E. Mullin, deceased. The district court sustained a motion for summary judgment filed by the deceased's widow, Lula Mullin, and the petitioners, Frederick W. Mullin, Jr., Patricia Rose Mullin and B. F. Zimmerman, have appealed. Throughout this opinion the petitioners will be referred to as appellants, and Lula Mullin will be designated as appellee or Lula.

The events giving rise to the filing of the petition may be reconstructed from the pleadings, admissions and stipulations that were before the district court when the ruling was made on the motion for summary judgment.

On June 13, 1947, M. E. Mullin and his brother J. D. Mullin executed their joint last will and testament. This rather elaborate instrument provided that upon the death of either of the brothers, the major portion of his property was to be placed in trust, with a part of the income from the corpus to be paid to his surviving spouse. Provisions were also made for other members of the Mullin family, including distribution of one-twentieth of the corpus of the estate after a certain number of years to each of their nieces and nephews, which included two of the appellants herein: Frederick W. Mullin, Jr. and Patricia Rose Mullin. The other appellant, B. F. Zimmerman, was named as executor of the estate of the last surviving brother. The will also made provision for religious, educational and charitable groups, and ultimately for the creation of a charitable corporation to bear the name "Mullin Brothers Foundation." Approximately two months after the will was executed by the brothers, separate consents thereto were executed by Olive E. Mullin, J. D.'s wife, and Lula D. Mullin, M. E.'s wife.

J. D. Mullin died June 6, 1948, and the joint will was admitted to probate as his last will and testament. M. E. Mullin was appointed executor in accordance with the terms of the will. The estate was duly administered and an order of final settlement entered by the probate court of Ford county on October 25, 1951. All the property in J. D.'s estate, except certain items of a personal nature, was assigned to the named trustees and their successors in trust. M. E. Mullin was named as one of the trustees and served in that capacity until his death on June 24, 1965.

On August 2, following M. E.'s death, E. C. Minner, Robert L. Lofthouse, Laurin W. Jones and Harry A. Waite, as successor trustees of the trust created under the terms of the joint will, filed a petition for admission of said will to probate as the last will and testament of M. E. Mulin, deceased. Lula filed her written defenses to the petition, alleging the will was invalid, that her consent thereto was obtained by fraud, undue influence and duress, and further, that she elected to take under the law. Thereupon, notice of hearing was given to all interested parties, including the appellants. Appellants filed no pleadings and entered no appearance. Hearing was held on September 14, 1965, and the probate court found that all persons interested in the estate had "due and legal notice of all issues before the court." After hearing evidence, the court found that Lula's consent to the "alleged will of M. E. Mullin, deceased . . . was not given voluntarily, and is therefore void and should be and is hereby set aside by the court." The court continued the hearing on the question of whether or not the will should be admitted to probate. After a further hearing and submission of briefs, the probate court, on October 5, 1965, admitted the joint will to probate as the last will and testament of M. E. Mullin. The court further found that since Lula had elected to take under the law, in opposition to the will, she was entitled to nominate a fiduciary to serve with B. F. Zimmerman, the named executor. Thereupon, the court appointed co-fiduciaries—Zimmerman as executor and Reba Jo Hainds as administratrix with the will annexed. Letters of appointment were duly issued to the co-fiduciaries upon their qualifying as such.

Separate appeals to the district court from the two orders of the probate court were filed by the trustees, E. C. Minner, Robert L. Lofthouse, Laurin W. Jones and Harry A. Waite:

1. On October 11, 1965, the trustees appealed from the probate court's order of September 14, 1965, setting aside Lula's consent to the will. The appeal was docketed in the district court, and on December 31, 1965, Lula's motion to dismiss the appeal was sustained on the basis the trustees were not "persons aggrieved" within the meaning of the probate appeal statute (K. S. A. 59-2404). From this ruling, the trustees filed notice of appeal to the supreme court. On May 6, 1966, upon Lula's motion, the district court found that the trustees' appeal to this court had been abandoned, and the appeal was thereupon dismissed.

2. On January 25, 1966, the trustees and Fred Mullin (it is not clear if this is the same individual as one of the appellants herein) filed notice of appeal from the probate court's order of October 5, 1965, appointing the co-fiduciary, Reba Jo Hainds, administratrix with the will annexed. The notice, however, specifically stated that no appeal was being taken from that part of the order admitting the will to probate and appointing B. F. Zimmerman as executor. On oral motion of the trustees and Fred Mullin, the appeal to the district court was dismissed on September 2, 1966.

Meanwhile, the present petition was filed by Frederick W. Mullin, Jr., Patricia Rose Mullin and B. F. Zimmerman in the estate of M. E. Mullin. The petition is entitled "Petition for Probate of Will; for Allowance of Claim; for Construction of Will and Specific Performance of Contract." The petition reviewed the litigation involving the estates of both M. E. Mullin and J. D. Mullin, and alleged, *inter alia:*

"On the 13th day of June, 1947, J. D. Mullin and his brother, M. E. Mullin, both residents of Ford County, Kansas, and each of them having a valuable estate, acting pursuant to an agreement and in concert with their respective spouses, to make a joint, mutual, reciprocal and contractual will whereby each would, in consideration of their mutual agreements, and those of their spouses, waive and relinquish his right to make his individual will, did execute and publish their joint and mutual and contractual will. A copy of such will is attached hereto, marked 'Exhibit A', and made a part hereof by reference.

"As a part of the same contract, on August 13th, 1947, Olive E. Mullin, the then wife of J. D. Mullin, executed a consent to such will. On August 14, 1947, Lula D. Mullin, the then wife of M. E. Mullin, executed a consent to the will. The consents of the respective spouses are a part of 'Exhibit A' attached hereto.

. . . . . . . . . . . . . .

". . . The petitioners do by these presents offer said will for probate in this court as the Last Will and Testament of M. E. Mullin, deceased, and request that it be executed and enforced as a contract.

"The petitioners allege that Olive E. Mullin, the then wife of J. D. Mullin, and Lula D. Mullin, the then wife of M. E. Mullin, were parties to the estate planning agreement evidenced by the joint will and the wives' consents thereto; . . .

. . . . . . . . . . . . .

"In the event the Court finds and adjudges that said joint will has heretofore been validly admitted to probate as the Last Will of M. E. Mullin, deceased, then the petitioners present this petition to the Court as a claim against the estate of M. E. Mullin, deceased. The petitioners allege they are entitled to a decree defining and establishing petitioners' rights under the contractual will; setting aside as utterly void the order of the Probate Court adjudging the Consent of Lula D. Mullin to have been involuntary and without legal effect, and decreeing specific performance of the contract. . . ."

The requests enumerated in the prayer of the petition are discussed in the district court's order sustaining the motion for summary judgment hereinafter set out.

The petition was transferred to the district court pursuant to K. S. A. 59-2402a, and written defenses thereto were filed by Lula in which she specifically denied the material allegations of the petition and affirmatively alleged, among other things:

". . . the petitioners herein were all aware of all orders made by the Probate Court, had notice of such orders, had consulted with attorneys, Minner & Waite relative thereto, and that all of such orders are binding and res judicata of the rights of the parties, and that the petitioners herein are estopped to deny the validity of any such orders.

. . . . . . . . . . . .

". . . the Court should find that the said will has heretofore been validly admitted to probate as the last will of M. E. Mullin, deceased . . . Lula Mullin denies that the order of the Probate Court adjudging the consent of Lula D. Mullin to have been involuntary is void, and alleges that the petitioners herein, and their attorneys, are all estopped to deny the validity of such order, and further alleges that the Probate Court had jurisdiction at the time such order was made."

Interrogatories were served on the appellants by Lula, but answers were never filed. Lula subsequently filed a motion for summary judgment on the basis that the pleadings and admissions, together with the stipulations of the parties, showed that there was no genuine issue of material fact, and that she was entitled to judgment as a matter of law. In sustaining the motion, the district court found:

"1. As to petitioners' prayer for admission of the Will of M. E. Mullin to probate as the last will and testament of M. E. Mullin, deceased, and for the appointment of B. F. Zimmerman as the executor thereof, the Court finds that:

"(a) The jurisdiction of the Probate Court of Ford County over the Will of M. E. Mullin, deceased, was invoked by the petition filed on August 2, 1965, by E. C. Minner, Robert L. Lofthouse, Laurin W. Jones, and Harry Waite; and the said Probate Court assumed jurisdiction, and

"(b) On October 5, 1965, admitted said Will to probate and appointed B. F. Zimmerman as executor and Reba Jo Hainds as administratrix with will annexed to serve as co-fiduciary.

"(c) That the said order of probate and appointment has not been set aside and is a valid and subsisting order.

. . . . . . . . . . . . .

"2. As to petitioners' request that the Court set aside as void the order of the Probate Court of Ford County, Kansas, made and entered September 14, 1965, whereby the Court found and adjudged that the consent of Lula D. Mullin was the involuntary act of Lula D. Mullin, and such consent was void, the Court finds as follows:

"(a) That such order was entered after the jurisdiction was invoked and

assumed by the said Probate Court as stated in (a) above, and is a valid and subsisting order.

. . . . . . . . . . . .

"3. As to petitioners' request that all proceedings taken under the petition of E. C. Minner, Robert L. Lofthouse, Laurin W. Jones, and Harry A Waite for probate of the Will of M. E. Mullin be declared void, the Court rules as follows:

"(a) That as a matter of law the petition filed by said parties invoked the jurisdiction of the Probate Court of Ford County, Kansas, over said will, and jurisdiction was assumed and exercised in a proper manner over the proceedings in respect thereto as disclosed by the stipulated records of the proceedings and are valid proceedings.

. . . . . . . . . . . .

"4. As to petitioners' request that the Court enter a decree defining and establishing petitioners' rights under the contractual will of J. D. Mullin and M. E. Mullin, both deceased, and for an order and decree for specific performance of the contract among J. D. Mullin and M. E. Mullin, and their respective spouses as evidenced by the contractual will, as a claim against the Estate of M. E. Mullin, deceased, the Court rules as a matter of law that:

"(a) At the final settlement of the estate the probate court has not only the authority but the duty of interpreting and construing the will determining the respective rights and interests and assigning and distributing the property in accordance with the will.

. . . . . . . . . . . .

"5. There is no genuine issue of fact remaining as to any of these requests; therefore, summary judgment should be sustained as to all."

The crux of appellants' argument on appeal is that the district court erroneously sustained the motion for summary judgment inasmuch as there was a genuine issue of material fact framed by the pleadings: whether or not there existed a valid and enforceable oral agreement between J. D. Mullin and M. E. Mullin concerning the ultimate disposition of their estates, which agreement was consented to by Lula and binding on her.

The purpose of summary judgment is to make possible the expeditious disposition of cases in which there are no genuine issues of material fact upon which the outcome of the litigation depends. In determining whether a motion for summary judgment is well founded, the court may pierce formal allegations of fact in pleadings and determine from the entire case whether there are genuine issues of fact to be resolved at a formal trial. Flimsy or transparent allegations are insufficient to sustain a justiciable controversy requiring the submission thereof to the trier of facts. (*Meyer, Executor v. Benelli*, 197 Kan. 98, 415 P. 2d 415; *Hartman v. Stumbo*, 195 Kan. 634, 408 P. 2d 693; *Brick v. City of Wichita*, 195 Kan. 206, 403 P.

2d 964; *Whelan v. New Mexico Western Oil and Gas Company,* 226 F. 2d 156 [10th Cir. 1955]; *Schreffler v. Bowles,* 153 F. 2d 1 [10th Cir. 1946].)

Here, the district court, in considering the motion for summary judgment, had before it the appellants' petition, Lula's defenses and objections thereto and, by stipulation of the parties, the court records of prior proceedings in the J. D. and M. E. Mullin estates. After examining these pleadings and records, we have concluded, as did the lower court, there is no genuine issue of material fact, and summary judgment was properly rendered.

The appellants state they had two objectives in filing their petition. The first was to be certain that the will was properly offered for probate by the successor trustees, E. C. Minner, Robert L. Lofthouse, Laurin W. Jones and Harry A. Waite. Appellants, in their brief, say this matter has now been resolved to their satisfaction by the district court's ruling on the motion for summary judgment. By this concession the appellants admit the probate court's jurisdiction was properly invoked in admitting the will to probate (see findings Nos. 1 and 3 of the district court). The appellants' second objective was to file a claim against the estate of M. E. Mullin based on a contract between the Mullin brothers, as evidenced by the terms of their joint will to which Lula consented.

We believe that appellants' position, more appropriately stated, is that notwithstanding the prior proceedings in the M. E. Mullin estate, of which they were given notice as persons interested, they should be permitted to prove and enforce the terms of the alleged oral estate planning contract.

Appellants admit that the terms of the oral contract on which they rely are evidenced by those of the joint will itself—that is, the terms of the will reflect the terms of the oral agreement. In addition, they make no contention that the terms of Lula's consent to the alleged oral contract were other than as reflected by her written consent to the will. Just as oral agreements and contracts are merged into an instrument reduced to writing, so would Lula's alleged oral consent be merged into her written consent attached to the will. In *McKay v. Clark,* 162 Kan. 653, 178 P. 2d 679, it was stated:

". . . when preliminary negotiations lead to the signing of a written contract, such negotiations are merged into the written document from which the terms of the contract are to be determined. . . ." (p. 659.)

Stripped of excess verbiage, the appellants' petition alleges nothing in the way of an oral estate planning contract and consent thereto beyond the terms of the joint will and the written consent of Lula. Thus, any alleged oral contract or consent can rise to no greater dignity than that reflected by the terms of the joint will and written consent.

Appellants' effort in this proceeding to set aside the order of the probate court of September 14, 1965, finding Lula's consent to the will void, is of no avail. The jurisdiction of that court is conceded, and the order as it stands is valid and subsisting. Unappealed from, the order is final and binding on the appellants, and thus, not subject to collateral attack. (*In re Estate of Johnson*, 180 Kan. 740, 308 P. 2d 100; *Ward v. Krhounek*, 151 Kan. 414, 99 P. 2d 800.) If the appellants were dissatisfied, they could have appealed to the district court, which had and would exercise the same jurisdiction and power as though the controversy had originally commenced there. (K. S. A. 1965 [now 1967] Supp. 59-2401; K. S. A. 59-2404; *In re Marsolf*, 200 Kan. 128, 434 P. 2d 1010; *In re Estate of Ellis*, 168 Kan. 11, 210 P. 2d 417.) Appellants' failure to appeal resulted in the decision's becoming final, and the determination of the invalidity of Lula's consent was *res judicata* as to future litigation between the parties. (*Wycoff v. Quick Way Homes, Inc.*, 201 Kan. 442, 441 P. 2d 886; *McFadden v. McFadden*, 187 Kan. 398, 357 P. 2d 751; *In re Estate of Johnson*, supra; *In re Estate of Burling*, 179 Kan. 687, 298 P. 2d 290; *Farmer v. Farmer*, 177 Kan. 657, 281 P. 2d 1075; *Bindley v. Mitchell*, 170 Kan. 653, 228 P. 2d 689.) Although appellants denominate this proceeding as a claim based on an alleged estate planning contract, actually they are seeking to enforce the terms of the joint will, which, as to Lula's rights in the estate, depended on the validity of her consent to the will— the very issue that was being litigated at the time by the probate court. In *McFadden v. McFadden*, supra, we said:

"It is a well-established rule that where a court has jurisdiction of the parties to an action and of the subject matter thereof, and renders a judgment within its competency, such judgment is final and conclusive, unless corrected or modified on appeal. It is also well settled that a right, question or fact directly put in issue and determined by a court of competent jurisdiction cannot be relitigated between the same parties in a subsequent action. Not only is everything adjudicated between them which the parties chose to litigate but everything incidental thereto which could have been properly litigated. . . ." (pp. 402, 403.)

Also, see, *Aguras v. Lease Trucks, Inc.*, 193 Kan. 449, 394 P. 2d 85, *Jayhawk Equipment Co. v. Mentzer*, 191 Kan. 57, 379 P. 2d 342, and authorities cited in these decisions.

Lula's consent having been declared invalid, any purported agreement by M. E. Mullin regarding the testamentary disposition of his estate was made without the consent of his wife.

K. S. A. 59-602 (2) provides in part that neither spouse shall will away from the other more than half of his property, subject to rights of homestead and allowances secured by statute, unless the other shall consent thereto in writing, or shall elect to take under the testator's will as provided by law.

In the absence of the wife's consent, freely, intelligently and voluntarily made (*Younger v. Estate of Younger*, 198 Kan. 547, 426 P. 2d 67, and cases therein cited), the provisions of the statute zealously safeguard the rights of the surviving wife to one-half of her deceased husband's property which he owned or in which he retained the right of disposition and control thereof at the time of his death. (*Ackers v. First National Bank of Topeka*, 192 Kan. 319, 387 P. 2d 840.) Just as he cannot will away from his wife without her consent more than one-half of his property, neither can a husband, during marriage, contract for disposition of his property by will to another so as to defeat the wife's rights to a widow's share in his estate, without her consent. (*Ward v. Ward*, 94 Colo. 275, 30 P. 2d 853; *Fleming v. Fleming*, 194 Iowa 71, 174 N. W. 946, rehearing denied 194 Iowa 104, 180 N. W. 206; 94 C. J. S., Wills § 120; 1 Bowe-Parker: Page on Wills § 10.24.)

In *Ward v. Ward*, supra, it is stated:

"Under pertinent Colorado statutes a husband cannot devise or bequeath away from his wife more than one-half of his property without her written consent . . . and where he agrees to will to another a portion of his estate, the latter takes subject to this statutory provision. Such an agreement cannot deprive the widow of her lawful rights." (Syl. ¶ 5.)

It follows that the alleged oral agreement upon which appellants rely could not defeat Lula's right to her statutory share, since her consent was declared invalid and she expressly elected to take under the law.

The joint will having already been properly admitted to probate is operative as to all property in the M. E. Mullin estate except that portion which will go to Lula by virtue of her election to take under the law. In *Ashelford v. Chapman*, 81 Kan. 312, 105 Pac. 534, this court stated:

"The widow's election is between will and no will. If she take under the statute there is no will as to her, and none of her rights can be abridged by any of its provisions. Her share is carved out of the estate according to law, precisely as if no will had been made. Then the will operates upon the residue." (Syl. ¶ 2.)

Lula is entitled to her share under the law of descent and distribution, and the remaining property will be subject to the provisions of the will.

One other point deserves mention. In their petition appellants allege that Lula, having accepted the benefits of the joint will, ought not now be permitted to rescind the "contract" and take unjust advantage of the other parties to the agreement. As we read the provisions of the will, Lula was entitled to no benefits thereunder until the death of her husband. Nor does it appear she had accepted any benefits under the will prior to her contesting the validity of her consent. We have already said the probate court's order finding Lula's consent void was not subject to collateral attack. Under the circumstances, she was not estopped from setting up that order as a bar to appellants' claim on the alleged "contract." (See, *Younger v. Estate of Younger*, supra.)

For the reasons herein discussed, the district court's order sustaining the motion for summary judgment is affirmed.