No. 46,984

EARL N. PIERCE, JR., *Appellee,* v. HELEN BURTON, Executrix of the Estate of Fannie D. Taylor, Deceased, *Appellee* and ANN W. GOEGGLE, *Appellant.*

(511 P. 2d 217)

Opinion filed June 9, 1973.

*Donald C. Tinker, Jr.,* of Gamelson, Hiebsch, Robbins & Tinker, of Wichita, was on the brief for the appellant.

*Mearle D. Mason,* of Hill, Mason, Graber & Gilchrist, of Wichita, was on the brief for appellee Earl N. Pierce, Jr.

*Per Curiam:* This is an appeal in a quiet title action in which the trial court denied appellant's demand for specific performance of a contract under which she sought to purchase real estate from a decedent's estate.

On March 1, 1971, the probate court of Sedgwick County entered an order directing the executrix of the estate of Fannie D. Taylor, deceased, to sell the real estate described in the order at private sale pursuant to K. S. A. 1972 Supp 59-2305.

On March 8, the executrix signed a memorandum agreement in which she agreed to sell and Ann W. Goeggle, the appellant, agreed to buy the land for the sum of $4,000, "providing that the party of the first part can give a good and merchantable title." An examination of the abstract revealed that the estate was not the owner of all of the property, but that a sister and three nephews of the deceased, between them, held record title to an undivided ½ interest in a substantial portion of the parcel. Mrs. Goeggle never indicated an intent to accept what title the estate had, and always insisted on clear title. The contract was therefore never presented to the probate court for approval and confirmation.

Several months later the executrix and Earl N. Pierce, Jr., appellee, signed a contract for the sale to him of the same land for the sum of $4,000, and his additional agreement to undertake the responsibility of clearing the title. In November the probate court approved and confirmed this sale, the purchase price was paid by Pierce, and the probate court approved the executrix's deed to him.

Pierce then commenced this action to quiet his title. Mrs. Goeggle intervened and filed an answer denying that Pierce had any right, title or interest superior to hers. She also cross-petitioned, setting up her purchase agreement, and alleged that she had been ready, willing and able to perform and complete the sale, but that the executrix refused to carry out the purchase agreement. She prayed that title be quieted in her, and that she be granted specific performance of her contract.

The trial court found generally for the plaintiff Pierce, finding in substance (1) that Pierce had no actual knowledge of the prior contract with Mrs. Goeggle, and had no obligation to inquire; and (2) that in any event Mrs. Goeggle could not have specific performance because (a) merchantable title could not be furnished and (b) the sale to her had not been approved and confirmed by the probate court.

We think the trial court was correct on all grounds. Pierce's notice or lack thereof, and his duty to inquire under all the circumstances, are fact questions on which the trial court's determination is supported by substantial, competent evidence, even though disputed. We will not reweigh the evidence. (*Brohan v. Nafziger,* 206 Kan. 58, 476 P. 2d 649, Syl. ¶ 1; *Griffin v. Price,* 199 Kan. 649, 433 P. 2d 464, Syl. ¶ 1.) The probate court's approval of the sale to Mrs. Goeggle was a prerequisite to its enforceability and the delivery of an executrix's deed. (K. S. A. 1972 Supp. 59-2309 (2); cf. *Collamore v. Wilder,* 19 Kan. 67, Syl. ¶ 3.) Since the estate did not own the entire tract it could not furnish the merchantable title which was a condition of the contract, and specific performance could not be decreed. (*Millin Co. v. Waite,* 112 Kan. 809, 213 Pac. 160.) This is especially so where the purchaser waits an unreasonable length of time before indicating any willingness to waive title defects. (Cf. *Riley v. Allen,* 71 Kan. 625, 81 Pac. 186; *Storey v. Preboth,* 197 Kan. 67, 415 P. 2d 287.) And finally, judicial confirmation of the sale to Pierce was a final judgment which cannot be collaterally attacked. (*Lake v. Hathaway,* 75 Kan. 391, 89 Pac. 666. See also, *In re Estate of Mullin,* 201 Kan. 756, 443 P. 2d 331; *Farmers State Bank v. Mitchell,* 143 Kan. 286, 55 P. 2d 423.)

The judgment is affirmed.